## Bain *versus* Doran.

1. A woman made a bill of sale of goods which remained in her possession till her death. In replevin against her administrator by the vendee, the court charged: "If you find from the evidence, that the deceased was a married woman at the date of the bill of sale, and that she died leaving a husband, you should find for the defendant." *Held*, that this was not error.

2. The omission of a judge to charge on a particular aspect of the case, when not so asked to charge, is not error.

January 18th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an action of replevin, issued to December Term 1865, by James Bain, Jr., against Joseph Doran, administrator, &c., of Agnes M. Williamson, deceased, for certain household goods.

The decedent carried on business as a mantua-maker, under the name of Miss Agnes M. Williamson. Being indebted to George F. Womrath, who had obtained judgment against her, a fieri facias to March Term 1863 was issued on the judgment, and she claimed to retain property to the value of $300, under the Exemption Act of April 9th 1849. Household furniture appraised at $263.90 was set apart for her.

On the 6th of March 1865, she executed a bill of sale of all these goods to the plaintiff, in consideration of $244.62 which she owed him, and the further sum of $133.43 then paid to her. She died insolvent, on the 8th of January 1866, and administration of her estate was granted to the defendant. He having refused to deliver the goods to the plaintiff, this replevin was brought.

On the trial, before Stroud, A. J., there was evidence, that the decedent had been married on the 9th of September 1851, to one John A. Pettinos, who, about 1859, went to California, where he was living at the time of the trial; that her husband did not support her, and that their parting was friendly. There was evidence

[Bain v. Doran.]

also that at the time of the execution of the bill of sale to Bain, it was agreed between her and Bain that she should have the use of the goods for 10 per cent. on what he paid for them.

The plaintiff submitted no points to the court below.

Judge Stroud charged:—

" If you find from the evidence that the deceased was a married woman at the date of the bill of sale, and that she died leaving a husband, you should find for the defendant.

" If you find that at the date of said alleged sale the deceased was insolvent; that she never gave up the possession of the goods, but retained them to the day of her death in her own possession, these circumstances, even if she had not been a married woman, would have justified her administrator to claim the goods as he does."

The jury found for the defendant.

The plaintiff in the Supreme Court assigned for error that the court thus charged.

*D. W. Sellers* and *A. C. Thompson*, for plaintiff in error, cited Starrett v. Wynn, 17 S. & R. 130 ; DeGallion v. Aigle, 1 Bos. & Pul. 358 ; Gregory v. Paul, 15 Mass. 31 ; Bean v. Morgan, 4 McCord 148 ; Phillippi v. Commonwealth, 6 Harris 118 ; Wireman v. Anderson, 6 Wright 311 ; Rich v. Corkell, 9 Ves. 376 ; Feniplace v. Gorges, 1 Ves. Sr. 46 ; 1 Wms. on Exrs. 47 and cases cited ; Brannan v. Burchell, 3 Ad. 263 ; 2 Story's Eq. Jur. § 1392, note, and cases cited ; 2 Roper on Husband and Wife, ch. 19, § 2, p. 182 ; Osgood v. Breed, 12 Mass. 525 ; Hood v. Archer, 1 McCord 225, 477 ; Cassel v. Vernon, 5 Mason 332; Bradish v. Gibbs, 3 Johns. 523 ; Helms v. Franciscus, 2 Bland 544 ; Church v. Jacques, 3 Johns. C. R. 77 ; West v. West, 3 Rand. 373 ; Hinney v. Phillips, 14 Wright 382 ; Act of May 4th 1855, § 2, Purd. 474, pl. 5, Pamph. L. 430 ; Act of February 22d 1718, Id. pl. 1, 1 Sm. Laws 99 ; Burke v. Winkle, 2 S. & R. 189 ; Edgar v. Shields, 1 Grant 361.

*S. Dickson* and *J. C. Bullitt*, for defendant in error, cited Roseburgh v. Sterling, 3 Casey 292 ; Pettit v. Fretz's Exec., 9 Id. 118 ; Bear's Adm. v. Bear, Id. 525 ; Walker v. Reamy, 12 Id. 410 ; Bourne v. Fossbrooke, 18 C. B. N. S. (114 E. C. L. R. 514) ; Robinson v. Wallace, 3 Wright 129 ; Holdship v. Patterson, 7 Watts 547 ; McCloskey v. Cyphert, 3 Casey 220 ; Ramborger's Admr. v. Ingraham, 2 Wright 46 ; Pilcher v. Smith, 2 Head (Tenn.) 208; Mattice v. Lilly, 24 How. Pr. 264; 18 N. Y. 280 ; 22 Id. 450 ; Offley v. Clay, 2 M. & G. 172·; Palmer v. Trevor, 1 Vern. 261 ; Macqueen on Husband and Wife 124 ; 1 Parsons on Contracts 286 ; 1 Blackstone 444 ; Hallowell v. Horter, 11 Casey 375 ; Barden v. Keverberg, 2 M. & W. 65 ; Robinson *v.*

Reynolds, 2 Aik. (Vt.) 174; Marshall *v.* Rutton, 8 T. R. 545, overruling Corbett *v.* Poelnitz, 1 Id. 5; 3 Gray 411; Hyde *v.* Hesser, 3 Phila. R. 508; Jacobs *v.* Featherstone, 6 W. & S. 346; Glover *v.* Drury Lane, 2 Chitty 117; Washburn *v.* Hale, 10 Pick. 42; Garrett & Martin's Appeal, 8 Casey 160; Shelley's Appeal, 12 Id. 373; Richards *v.* McClellan, 5 Id. 385; Keen *v.* Coleman, 3 Wright 199; Keen *v.* Hartman, 12 Id. 497; Glidden *v.* Strupler, 2 P. F. Smith 400.

The opinion of the court was delivered, January 28th 1867, by
THOMPSON, J.—No points were presented to the learned judge upon which to instruct the jury, and he delivered a very brief charge. He said: "If you find from the evidence that the deceased was a married woman at the date of the bill of sale, and that she died leaving a husband, you should find for the defendant."

There was no error in this; but it was argued that there was error because the proof shows that the husband had deserted the plaintiff's vendor, the deceased, and neglected to provide for her. The learned judge said nothing about that, and was not asked to say anything as to the law arising on that state of facts, so far as the record shows. We have very often decided that the omission of a judge to charge on a particular aspect of a case, when not asked so to charge, is not error: 12 Harris 277; 6 Casey 454; 10 Id. 32; 4 Wright 160; and this case is exactly within that rule. The issue joined in this court, as in other courts, is the only thing that can be tried. If that be so narrow as not to reach the merits of the controversy, it is the fault of others, and not of the courts. The allegation here is, that it was error to charge as stated. The replication to that is that there is no error. Manifestly there is not. But it is said there is error by reason of something not appearing on the record. But that is outside of the issue, and we should present a singular record if we were to hold that there was error but not in the record, and reverse. We cannot reach the supposed error here without a violation of all our rules of practice and pleading.

Not being able to disturb the ruling on the 1st point, the 2d is but an abstraction, and of no practical value to the plaintiff in error. If she had a husband and could not execute a bill of sale, as the jury have found, she could make no delivery of property for the same reason. So the one point decides the other. For these reasons we must affirm this judgment.