## Burgwin et al. *versus* Bishop.

In an action for damages for breach of covenant of a lease, it appeared that the lease had been altered in a material part, which enured to the benefit of the lessee. *Held*, that it should not have been admitted in evidence until the lessee gave some testimony explanatory of the alteration.

October 16th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1879, No. 45.

Covenant upon a lease by B. Bishop against Hill Burgwin and C. B. Davis, executors of E. N. Davis, deceased.

The lease in question was dated December 15th 1862, from Eliza N. Davis to Bishop, for a warehouse in Pittsburgh, for two years and three months from January 1st 1863, with the privilege to the lessee of three years additional, at the annual rent of $300. The breach of covenant alleged was that the lessor, Mrs. Davis, did not allow the lessee to have and enjoy the premises for the additional three years, but that, though notified of lessee's election to retain for said three years, she had wrongfully entered and ousted the said lessee, and kept him out of the enjoyment of the premises during the said three years. The breach of covenant took place, as was alleged, April 1st 1865. Mrs. Davis died on the 17th of August 1875, more than ten years afterwards, and suit was entered against her executors two years after her death.

On the trial, before Kirkpatrick, J., the lease was produced and objected to because of a material alteration, which the plaintiff had no evidence to account for or explain. Among the covenants on

[Burgwin v. Bishop.]

part of lessee these words were stricken out: "Also to keep the water-pipes and hydrant, &c., in good repair."

The court admitted the lease, and sealed a bill for defendants.

The subsequent testimony, to support the alleged breach of covenant, was substantially as follows: That Mrs. Davis first, in December 1864, notified Bishop to give possession April 1st 1865; that in a few days after Bishop left notice at Mrs. Davis's residence that he elected to hold on for three additional years, and that from the 1st of April 1865, Henry Lancamp and John Custer occupied the premises for about three years under a lease from Mrs. Davis, made on the 1st of April 1865. There was no testimony to show any act of dispossession on part of Mrs. Davis, nor inconsistent with the supposition that Bishop had changed his mind as to retaining possession and had voluntarily vacated on or before April 1st 1865.

On this testimony the defendants requested the court to charge the jury that plaintiff could not recover. The court refused so to charge, and, on the contrary, instructed the jury "that if they believed the evidence of plaintiff, he was entitled to recover, with costs, to the amount of $1440, being the difference in rental of the premises for three years, from 1st April 1865 to 1st April 1868, being the three years during which plaintiff claims he was entitled to the premises, viz., $300 per year, being $900 in all, with its accrued interest."

The jury found a verdict accordingly, when defendants took this writ, and alleged, inter alia, that the court erred in admitting the lease and in instructing the jury as above.

*Hill Burgwin* and *S. H. Geyer*, for plaintiffs in error.—Inasmuch as the lease offered in evidence showed an erasure in a material part, manifestly for the benefit of the plaintiff, the proper course, as pursued by the court in Robinson *v.* Myers, 17 P. F. Smith 9, was, before admitting it, to require explanatory evidence from the plaintiff.

*A. M. Brown*, for defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, October 27th 1879.

The subject of complaint in the first assignment of error is that the plaintiff below was permitted to give in evidence the lease, on which his action was based, without any explanation of the material alteration apparent on its face.

Among other covenants on the part of the lessee, the lease, as originally written, contained the following: "Also to keep the water-pipes and hydrant, &c., in good repair." These words were evidently erased by drawing a pen several times over them, and

10 NORRIS—22

[Burgwin *v.* Bishop.]

thus striking out one of the covenants of the lessee.   The erasure
was not noted in the attestation clause, nor was there any explana-
tion given, as to when, why, or by whom it was done.   The plea
of *non est factum* put in issue the execution of the lease, and its
continuance, without material alteration, as the deed of both parties,
to the date of the plea.   The alteration was in a material part of
the instrument, and manifestly enured to the benefit of the lessee,
by whom it was produced and offered in evidence more than ten
years after his alleged cause of action accrued, and after the decease
of the lessor.   It is very clear that, under such circumstances, he
should have been required to give some testimony explanatory of
the erasure : Jordan *v.* Stewart, 11 Harris 244, and Robinson *v.*
Myers, 17 P. F. Smith 9.   If this had been done, it would have
been for the jury, under proper instructions from the court, to say
whether the alteration was satisfactorily explained or not.   The
learned judge, however, not only overruled the specific objection
made to the admission of the lease, but, treating the erasure of one
of the lessees' covenants as wholly immaterial, instructed the jury
that if they believed the evidence of the plaintiff he was " entitled
to recovery, with costs, to the amount of $1440, being the differ-
ence in rental of the premises for three years, from April 1st 1865
to April 1st 1868, being the three years during which plaintiff
claims he was entitled to the premises, viz.: $300 per year, being
$900 in all, with its accrued interest."   In this we think there
was error.

If the erasure had been satisfactorily explained, it was still a
question for the jury whether the lessee had duly notified his land-
lady of his election to retain the premises for the further term of
three years.   The testimony as to written notice left at her dwell-
ing with an adult member of her family, was some evidence proper
for the consideration of the jury, but it was not conclusive proof
that she was actually notified of the tenants' election.   It was also
a further question of fact for the jury and not for the court, to
determine whether, in point of fact, there was an eviction of the
tenant.   The testimony, as we have it, is quite as consistent with
his having acquiesced in her demand for possession on the 1st of
April 1865, as with an eviction by her.   The tenant, who succeeded
him, testified that he leased from Mrs. Davis on that day and went
into possession.   For aught that appears the premises may have
been voluntarily vacated by the plaintiff then or prior thereto.   It
is scarcely necessary to say that if he acquiesced in the notice to
quit, or voluntarily surrendered the possession at or before the close
of his original term, he was not entitled to claim damages.   The
first and fourth assignments of error are sustained.

Judgment reversed and a *venire facias de novo* awarded.