## Pollman versus Morgester.

> 99　611
> 214　329

1. A. leased a hotel building to B. for the term of one year, at an annual rental of $500. A. covenanted that B. should have the option to extend the term for five years by giving notice to the lessor sixty days before the expiration of the term. B. covenanted partly to erect a certain addition to the hotel, but was not bound to complete said addition except at his option. In consideration of erecting this addition, he was to be allowed a credit on the first year of $100. B. did not erect the addition and gave no notice of a desire to extend the lease. He was allowed to hold over, however, after the expiration of his term. In an action by the lessor against said lessee for rent and for breach of the covenant to erect the addition,—*Held*, that it was clearly the intention of the parties that the addition should be erected within the first year, that the holding over did not extend the time for such erection, and that therefore the plaintiff was entitled to recover.

February 14th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Elk county:* Of January Term 1882, No. 202.

This action was originally brought in covenant, by Frank Pollman against Morgester & Jackson, to recover damages for breach of a covenant in a lease to build, and for a balance of rent due. After issue joined, the plaintiff, by leave of the court, amended the form of the action to assumpsit, and the defendants pleaded non assumpsit, payment with leave, and set off.

On the trial, before BROWN, P. J., the following facts appeared:—On November 1st 1877, the plaintiff, being the owner of a certain hotel property and tract of land, by an agreement under seal leased the same to the defendants for the term of one year at the yearly rental of $500, payable quarterly. The lease contained, inter alia, the following provisions:

"It is understood and agreed, that the said parties of the

[Pollman *v.* Morgester.]

second part shall have the option to extend the said term to five years from the date hereof, by giving sixty days' notice of such intention to the party of the first part before the first day of November, 1878."

"It is further understood and agreed, that the said party of the second part shall erect in the excavation heretofore made to the east of the hotel building, an addition to said hotel forty-eight feet in front by thirty-six feet deep, if said excavation is large enough : said addition to be two stories in height above the basement, the basement to have stone walls on the north and east sides to the height of the basement of the present building, and well laid in lime mortar, and of sufficient thickness to sustain the superstructure : said addition to be enclosed and the floors laid by said party of the second part at their own expense ; but they shall not be bound to furnish the same any further than as above stated, except at their own option ; and, in consideration of such erection, the said party shall be allowed a credit upon the first year of one hundred dollars."

By an additional agreement indorsed on said lease, not under seal, it was provided that said additional building should be forty feet front by thirty-two feet deep, instead of forty-eight by thirty-six feet.

The defendants entered into possession, and, at the expiration of the year, held over, without giving notice of their election to extend the term as provided for in said lease. They failed to comply during the first year with their agreement relating to the erection of the additional building.

On May 29th 1879, the premises were sold at sheriff's sale under a mortgage executed by Pollman, and were purchased by J. S. & W. H. Hyde, to whom the defendants attorned.

Pollman claimed to recover in this action a balance of rent due at the date of said attornment, and also, to recover damages for the failure of defendants to erect said additional building, claiming that as they had not given notice, as provided in the lease, of their election to extend the term to five years, the lease must be treated, so far as concerned the agreement to build, as for the term of one year only. The Court declined to affirm plaintiff's points to that effect, and charged the jury, inter alia, as follows :

"Had Morgester & Jackson failed to give notice of their intention to continue the lease, and abandoned the premises on the first of November, 1878, it may be that the plaintiff would have been entitled to recover damages for the failure to build the addition. But they did not abandon the premises. They continued to occupy, with the consent, or at least with the passive acquiescence and sufferance, of Pollman, for about seven months from November 1st 1878, and down to the time the

[Pollman *v.* Morgester.]

premises were sold by the sheriff upon the mortgage against Pollman, and surrendered to Messrs. Hydes.

We do not rule, as claimed by defendants' counsel, that such holding over is to be treated as equivalent to a notice given in due season of the intention to continue the lease for the full period of five years from its date. Whether it would or would not have that effect, we do not say. [We do say, however, that such holding over is, so far as the question here is concerned, equivalent to a renewal of the lease for the period of one year from the first of November 1878, to the first of November 1879, carrying along with such renewal the terms of the original lease, and that Morgester & Jackson had until the last mentioned date to complete the erection of the addition; and, as they surrendered its possession several months before November 1st 1879, to the Messrs. Hydes, whose right to the same, under their purchase on the mortgage against Pollman, was indisputable, the plaintiff is not entitled to recover anything for the failure of Morgester & Jackson to erect the addition to the hotel property, as stipulated in the agreement of lease.]

Verdict for plaintiff, for $125.16, being the balance of rent due, and judgment thereon. The plaintiff thereupon took this writ of error, assigning for error the refusal of his points, and the portion of the charge included in brackets.

*C. H. McCauley* (*John G. Hall* with him), for the plaintiff in error.—The defendants having failed to give notice of their election to extend the term to five years, when they held over at the expiration of the first year, they became tenants from year to year, under such of the provisions of the lease as remained applicable. But the lease provided for erection of the building in the first year, for which the defendants were to receive a credit of $100, on the first year's rent. This was not a condition of yearly application, and the plaintiff's right of action for breach was complete at the end of the first year, and was not waived by his permitting defendants to hold over: Dawson *v.* M'Gill, 4 Wharton 238.

*George A. Rathbun,* for defendants in error.—The plaintiff by his acquiescence in the holding over led defendants to believe that he waived the notice provided for in the lease; he claimed and received rent thereafter, and could have held the defendants to the entire term of five years; and they, by mutuality, had the full term in which to comply with their agreement to build: Palethorp *v.* Bergner, 2 P. F. S. 149.

Mr. Justice TRUNKEY delivered the opinion of the court, April 17th 1882.

[Pollman *v.* Morgester.]

The lease was for the term of one year, and contained a covenant that the lessees should have the option to extend the term to five years by giving notice to the lessor sixty days before November 1st 1878. Notice was not given and the term was not extended. The lessees agreed to pay an annual rent of $500. They further agreed to erect an addition to the hotel building, enclose and lay the floors, but were not bound to finish the same any further, except at their option; and were to " be allowed a credit upon the first year of one hundred dollars."

The lessees were suffered to hold over. This could not extend the time for performance of the covenants which were to have been performed within the term. Had they extended the term, then the contract was to build within the first year of the term and receive therefor a credit of part of the rent which was payable in money. Taking the agreement as a whole, it is clear that the parties stipulated for the building of the addition within the year, or term, which ended November 1st 1878. Such building would advantage the lessor by enhancing the value of his property. Its erection would have been equivalent to payment of a large portion of the rent in advance, if the term were five years. The covenant was inducement to lease. This is not a mere covenant to make improvements within the period to which the term might be extended: the lease is only for the term of one year, and the lessees covenanted to pay $500 and erect the building within that term. The manifest intention was that the improvement should be made within a year from the beginning of the term, whether extended or not.

The lessor's right of action was complete for the breach of the covenant to build. There is no evidence of waiver or release of the right. Holding over by the lessees with tacit assent of the lessor, may have renewed the lease for such covenants as were applicable to a tenancy from year to year. The covenant to build was not applicable; it was already broken.

We are of opinion that the court erred as to the effect of such holding over upon the broken covenant to erect an addition to the hotel building, and the assignments of error must be sustained.

Judgment reversed, and venire facias de novo awarded.