# Commonwealth of Pennsylvania to use of Elliott & Kerfoot v. Eli S. Beary, Appellant.

*Practice, C. P.—Sheriff's interpleader—Act of 1897—Failure to file statement of title.*

Execution having been issued, claimant filed a bond which, from its recitals, was intended to operate as a bond under the Act of May 26, 1897, P. L. 95. The sheriff obtained an interpleader, but claimant neglected to file statement of title for more than two weeks after the sheriff's rule for

issue was made absolute. *Held,* that the court below was justified in entering judgment of non pros. The condition of the bond having been broken, the claimant and his surety had become liable.

*Interpleader bond—Insufficient affidavit.*

An affidavit is insufficient which alleges that a bond given in interpleader proceedings is void because of interlineations, but which does not allege that the bond was not executed in its present form, or that there was any deception or misconception in connection with its execution, or that the alteration was made to the advantage of the plaintiff.

*Premature filing of bond does not avoid after issue awarded.*

In a suit on a forfeited interpleader bond an affidavit of defense will not prevail which alleges that the bond was given before entry of the interpleader. The execution of the bond if premature was voluntary and when the rule for interpleader was made absolute, the bond took its proper place in the record pursuant to the purpose expressed by its terms.

Argued Oct. 13, 1898. Appeal, No. 128, Oct. T., 1898, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1898, No. 996, for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before the court in banc.

It appears from the record that judgment was entered on single bill in C. P. No. 2, as of September term, 1897, No. 496, and damages assessed at $113.79. Execution having been issued on October 11, 1897, levy made and goods claimed by H. A. Likly, on October 13, 1897, the bond of H. A. Likly as claimant was filed. On October 21, 1897, rule was taken for sheriff's interpleader which was made absolute on October 23. On November 3, 1897, interpleader appraisement was filed and same day claimant's statement filed. On November 4, 1897, agreement was filed extending time for filing bond and interpleader till November 15. On December 14, rule was taken to show cause why judgment of non pros. should not be entered against H. A. Likly, which rule was made absolute on December 18, 1897.

The plaintiff subsequently entered suit in C. P. No. 4, against Eli S. Beary, the surety on the bond, without joinder of the other party and the case was certified from C. P. No. 4, M. T. 1898, No. 399, to C. P. No. 2, as of original suit. On June 28, the court entered judgment for want of a sufficient affidavit of

defense and damages were assessed at $168.40. Defendant appealed.

*Error assigned* was entering judgment for want of a sufficient affidavit of defense.

*Thomas R. Elcock,* for appellant.—The question of entering a judgment brings up the whole record as to its sufficiency for such purpose.

The obligation if admitted to be of effect should only be for the value of the goods and chattels. Where in the record can be found the value of the goods and chattels? The same state of facts existed in Byrne v. Hayden, 124 Pa. 170, and they were held to be fatal to a recovery.

But suppose the bond is admissible as a written instrument, can suit be commenced on it as the record stands? A nonsuit was entered against the claimants without notice to the surety which was an irregular proceeding, not in accordance with the act of 1897. There was no issue and consequently nothing to non pros.

It is evident that the plaintiff below accepted an unlawful security in form that had no effect, being entered at an improper time and not under the sheriff's interpleader or by any lawful right: Zacharias v. Totton, 90 Pa. 286.

*Frank B. Stockley,* with him *E. Cooper Shapley,* for appellees. —When this bond was entered, there were no printed forms under the new act of assembly, and one of the old forms of forthcoming bonds was used and erasures and interlineations made to suit the requirements of the new act. The plaintiffs of course were not parties to these acts and as the bond was drawn and filed by defendant's counsel, the facts should not prevail to defeat plaintiff's right on the bond: McGovern v. Hoesback, 53 Pa. 176.

The act of 1897 was passed for the protection of the sheriff.

A judgment of a court of record entered against the principal is conclusive against the surety: Cox v. Hartranft, 154 Pa. 457.

The case of Byrne v. Hayden, 124 Pa. 170, cited by the appellant was a suit on a forthcoming bond under the old practice, and does not apply in this case.

The appraisement of these goods shows a valuation of $205. The judgment and execution was for only $113.79.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899:

The Act of May 26, 1897, P. L. 95, alters, in some particulars, the previous practice in sheriff's interpleader proceedings. If the court shall make the rule for an issue absolute, the claimant is now required to give bond with surety to the commonwealth (for the benefit of the person adjudged to have the right to the goods) conditioned, "that he shall at all times maintain his title to said goods and chattels, or pay the value thereof to the party thereunto entitled." After appraisement, the issue is framed by the filing by the claimant, as plaintiff, of a statement of title. To this an affidavit must be filed by the defendant within fifteen days, otherwise, judgment may be entered against him. Section 11, of the act, prescribes that "the bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for so doing." Then follows provision for procedure in case of failure to file a bond. The framers of the act do not seem to have contemplated, or made provision for, a failure on the part of the claimant, to file a statement of title. The act, however, permits the courts of common pleas to make general rules governing the proceedings under the act, not inconsistent with its terms.

This suit is on a bond given by a claimant of goods under levy. He made his claim to the sheriff, and executed a bond in the form required by the act of 1897, and which, from its recitals, was intended to operate as a bond under the act. Thereupon the sheriff took his rule. This was made absolute. The bond was already filed. The claimant neglected or refused to file his statement of title for more than two weeks after the sheriff's rule for an issue was made absolute. Thereupon the court made absolute a rule to show cause why a judgment of non-pros. should not be entered.

The entry of judgment on a rule to show cause was proper and good practice, although perhaps unnecessary. The language of the act required the filing of the statement of title within two weeks. At the expiration of two weeks the claim-

ant was in default by the record. He and his surety thereby became liable on the bond. The condition was broken, inasmuch as the claimant had failed " to maintain his title to said goods."

The affidavit of defense claims that the bond is void because it is palpably interlined and altered. The defendant does not say that the bond was not·executed in its present form, nor that there was any deception or misconception in connection with its execution. It was doubtless prepared by himself or his attorney, since upon him was the obligation to give it. It was given, not to the present plaintiff, but to the commonwealth. It did not remain in the plaintiff's possession. The affidavit does not allege that any alteration was made to the advantage of the plaintiff. This case differs thus from Burgwin v. Bishop, 91 Pa. 336, cited by the appellant. The bond is not invalidated by the· interlineations.

The affidavit alleges that the bond was given before the entry of the rule for interpleader. It doubtless was, but by its recitals it ·was intended to be the bond required by the act, and by its delivery the claimant was permitted to retain or take possession of the goods levied on. The execution and delivery of the bond were premature, but were voluntary. When the rule was made absolute, the bond took its proper place in the record pursuant to the purpose expressed by its terms. It cannot be said that it is void after it has accomplished the purpose for which it was required and given, and after the goods have been removed beyond the reach of the writ of execution.

This is an answer as well to the third suggestion of the affidavit, that recovery cannot be had on the bond because the sheriff had withdrawn from.his custody of the goods before the rule for an interpleader was made absolute.

The affidavit further alleges that the judgment of non pros. was improperly entered because the record discloses no proof. of service of the rule to show cause. The affidavit does not, however, allege that notice of the rule was not in fact given. Furthermore, what has been said in regard to the effect of failure to file a statement of title, is an answer to this alleged matter of defense. The claimant was in default by the terms of the act. If any other construction were to be placed.upon the act, a claimant might file his bond, refuse to file a statement of

title, and thus prevent the other parties interested from proceeding in the litigation.

It is not intended by this opinion to approve the taking of a bond by the sheriff under the act of 1897. His duty is to retain the custody of the goods until the rule for an issue is made absolute and the bond filed pursuant thereto. By any other course he may lose the protection of an act passed largely for his benefit.

The judgment is affirmed.