### Murtland, Appellant, *v.* English.

214  325
f225  439
f39SC⁴ 25

*Landlord and tenant—Lease—Extension of term—Expiration of term by limitation—Notice—Holding over.*

Where a lease for a term of five years gives to the lessee the privilege of extending the term for five years longer upon three months' notice, the lease will expire by its own limitation at the end of the five years, if no notice is given. A mere holding over is not in itself an acceptance of the option upon the part of the lessee for an additional term of five years.

*Appeals—Assignments of error—New trial.*

The power of the appellate court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character, and only to be exercised in very clear cases of wrong or injustice which the court should have remedied.

*Appeals—Assignments of error—Charge.*

Assignments of error to a portion of the charge which do not quote the part of the charge complained of " totidem verbis " violate Rule 30.

*Appeals—Assignments of error—Charge—Requests for instructions.*

Assignments of error to the effect that the court below did not specifically charge as to certain matters, will not be considered where no requests for instructions as to such matters were made.

*Landlord and tenant—Practice, C. P.—Verdict—Judgment.*

On the trial of an appeal from a judgment of a justice of the peace in landlord and tenant proceedings, where the jury returns a verdict for the plaintiff for an amount stated, for the use and occupation of the premises after the expiration of a lease, the court in entering judgment for the money award may also enter judgment for plaintiff for possession of the premises.

Argued Jan. 9, 1906.    Appeal, No. 87, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1903, No. 848, on verdict for plaintiff in case of Christine K. Murtland et al v. Joseph J. English.    Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Appeal from justice of the peace in landlord and tenant proceedings.    Before Ralston, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $1,800, upon which the court entered the following judgment: "Judgment for plaintiff for possession of the premises and $1,800, the amount of the verdict."

*Errors assigned* were as follows :

1. The learned court erred in instructing the jury " that the lease expired by its own limitation."

2. In discharging the rule for a new trial.

3. In instructing the jury that the defendant became a tenant from year to year after the expiration of the term of five years provided for in the original letting and hiring.

4. In not instructing the jury that defendant having held over after the end of. five years without notice amounts to an election by him to claim the privilege to hold the premises for five years, the extended term as provided in the lease.

5. In not instructing the jury that the option in the lease for an extended term of five years was in favor of the lessee, and both parties having assented to it, the lessee holding over and paying the rent and the lessor accepting the rent for two years in the extended term amounted to an extension of the term of five years, as is provided in covenant nine of the lease.

6. In not saying to the jury, if the landlord had a right to re-enter at the end of five years, because of the failure of the

lessee to give notice, as provided in covenant nine of the lease, but thereafter accepted rent under the same covenants and upon the same terms, such acceptance of rent was a waiver of any right of forfeiture on the part of the lessor, and that the lessee became a tenant for the extended term of five years.

7. In changing the verdict of the jury from a money verdict to a verdict as follows : " Judgment for plaintiff for possession of the premises and $1,800, the amount of the verdict."

8. In not instructing the jury that the terms of the lease fixed the rental value of the property.

9. In not finding as matter of law that the words in the lease, " When and as soon as the term hereby created shall have expired by its own limitation," must be held to mean after the expiration of the term of ten years as contemplated in the lease.

10. In entering judgment for the plaintiff.

*George Bradford Carr*, for appellant.—The holding over gave the tenant a right to an additional term of five years : Leatherman v. Oliver, 151 Pa. 646 ; Newman v. Rutter, 8 Watts, 51 ; Sheaffer v. Sheaffer, 37 Pa. 525 ; Lauman v. Young, 31 Pa. 306 ; Duffield v. Hue, 129 Pa. 94 ; Helme v. Phila. Life Ins. Co., 61 Pa. 107 ; McMillan v. Philadelphia Co., 159 Pa. 142 ; Harding v. Seeley, 148 Pa. 20 ; Creighton v. McKee, 7 Phila. 324 ; Delashman v. Berry, 20 Mich. 292 ; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599 ; Gillion v. Finley, 22 W. N. C. 124 ; McBrier v. Marshall, 126 Pa. 390 ; McClelland v. Rush, 150 Pa. 57 ; Gilbert v. Price, 18 Pa. Superior Ct. 359 ; Williams v. Ladew, 171 Pa. 369.

*Aug. B. Repetto*, for appellees.—The following authorities clearly decide that when a covenant or option for renewal requires a specified notice to be given, that notice must be given, otherwise the renewal is not acquired : McMillan v. Phila. Co., 159 Pa. 142 ; Swank v. Fretts, 209 Pa. 625 ; Neill v. Hitchman, 201 Pa. 207.

Where notice of an intention to claim an extended term is required, a naked holding over is not sufficient : Pollman v. Morgester, 99 Pa. 611 ; McClelland v. Rush, 150 Pa. 57 ; Cooper v. Joy, 105 Mich. 374 (63 N. W. Repr. 414) ; Bradford v. Patten, 108 Mass. 153 ; Atlantic Nat. Bank v. Demmon, 139

Mass. 420 (1 N. E. Repr. 833) ; Stone v. St. Louis Stamping Co., 155 Mass. 267 (29 N. E. Repr. 623).

The mere holding over and acceptance of rent, made the defendant a tenant from year to year: Hollis v. Burns, 100 Pa. 206 ; Harvey v. Gunzberg, 148 Pa. 294 ; Williams v. Ladew, 171 Pa. 369.

OPINION BY MR. JUSTICE POTTER, March 12, 1906 :

On January 31, 1896, the plaintiffs, in writing, leased certain premises to one Franklin S. Gibson, for the term of five years to be computed from February 1, 1896, at the yearly rental of $600, payable in monthly installments of $50.00 each. Subsequently, with plaintiffs' assent, the lease was assigned to J. J. English, the defendant in this case. In the ninth clause of the lease it is " expressly covenanted and agreed that if the lessee, his heirs and assigns, shall perform all the covenants of this lease, then he, his heirs and assigns, shall have the privilege of extending the term of this lease for five years longer, upon their giving to the lessors, their heirs and assigns, three months' notice of their intention to avail themselves of this covenant, upon the terms herein contained." English entered into possession of the leased premises and remained therein until the expiration of the term of five years. He did not give the three months' notice required by the lease, nor any notice of his intention to exercise the option to extend the lease for another term of five years. But after the first five years had expired, he remained in possession of the leased premises, and continued to pay the same rent each month, which was accepted by the lessors, apparently without question, until August 22, 1902, when the lessors served defendant with a notice to vacate at the expiration of his current term which was stated to be January 31, 1903. He did not vacate at the date named, but tendered a month's rent falling due February 1, 1903, at the same rate which he had been paying, which the lessors refused to accept. The lessors then brought proceedings before a magistrate, to recover possession, and on February 21, 1903, judgment was entered against defendant for $50.00 damages and costs. He appealed from this judgment to the court of common pleas. On the trial the court instructed the jury that defendant having failed to give three months' notice of his in-

tention to extend the lease, it was not renewed but expired by its own limitation.   By holding over after the expiration of his term, defendant became a tenant from year to year.   Notice to quit was admittedly given to him more than three months prior to the end of the current year, and, therefore, the only question left to the jury was the amount of damages to be awarded.   The jury were instructed that plaintiffs were entitled to recover, first, the possession of the premises; and, second, a sum of money to compensate them for the occupation of the premises during the time for which defendant had paid nothing.   There was evidence that the premises had a rental value of $75.00 per month.   The jury found a verdict for plaintiffs for $1,800, being at the rate of $75.00 a month, for the two years defendant had paid no rent.

The first assignment of error complains that the learned court below erred in instructing the jury that the lease expired by its own limitation.   This raises the main question in the case. The trial judge is sustained in this statement of the law by the great weight of authority.   In Trickett's Landlord and Tenant, sec. 550, the rule in Pennsylvania is thus stated: " The lease may confer the privilege of renewal or of continuing in possession for a prescribed time beyond the term, upon giving previous notice to the landlord of the intention to claim it.   Giving the notice in such a case is requisite.   The burden is upon the tenant if he claims any rights upon the renewal clause, to prove the giving of the notice."   Citing Pollman v. Morgester, 99 Pa. 611; Burgwin v. Bishop, 91 Pa. 336; McClelland v. Rush, 150 Pa. 57.   In 2 Wood on Landlord and Tenant, sec. 413, it is said: " It very often happens that the lease gives the lessee an option to remain as tenant for another term. . . .   In such cases, if the lease requires that notice of a certain description must be given of a tenant's election, the requirement in this respect must be strictly complied with." Counsel for appellant has cited in his argument many cases which illustrate the law as to forfeitures; but, in the present case, there was no forfeiture or breach of covenant.   It was merely a matter of the lease expiring by its own limitation, as was stated by the court below, without any intimation by the lessee that he desired another term.   The tenant had the option of renewal, but he did not see fit to exercise that option.

We can see no merit in the suggestion that mere continuance in possession of the premises after the lease had expired, was in itself an acceptance of the option upon the part of the tenant for an additional term of five years. The authorities cited on behalf of the appellant apply only to cases in which no specific notice of an intention to exercise the privilege of renewal is prescribed in the lease. There might be conduct, such as the payment of an increased rental, which would be equivalent to an acceptance of the option. Thus, in Stone v. St. Louis Stamping Co., 155 Mass. 267, where the lease provided for a renewal at an increased rental, the holding over and payment of the increased rent by the lessee was considered evidence of his election to renew although no proof was offered of the notice prescribed in the lease having been given. But in the case at bar, the tenant neither gave notice nor paid any increased rental. There was nothing to indicate that the tenant had any intention of binding himself to stay upon the premises for another full term of five years. And, when he held over after the expiration of the term, without making any new arrangements, the tenancy became one for another year upon the same conditions as before : Harvey v. Gunzberg, 148 Pa. 294. This continued until the plaintiffs, by giving the proper notice, three months prior to the end of the current year, prevented any further renewal. The first specification of error is dismissed.

The second assignment of error complains of the refusal of the court below to grant a new trial. The reasons for which a new trial was asked are not printed in appellant's paper-book. It was pointed out in Smith v. Times Publishing Co., 178 Pa. 481, that the power of this court to grant a new trial under the act of May 20, 1891, is exceptional in character, and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied. No such compelling reason exists here.

The third assignment violates rule 30, in that it does not quote the part of the charge complained of "totidem verbis:" Crawford et al. v. McKinney, 165 Pa. 605.

The fourth, fifth, sixth, eighth and ninth assignments complain that the court below did not specifically charge, as therein stated, although no request for such instructions was made.

These assignments are, therefore, bad, and will be disregarded : Burkholder v. Stahl, 58 Pa. 371 ; Kaufman v. R. R. Co., 210 Pa. 440.

The seventh assignment complains of the form in which the judgment was entered by the court. It was for possession of the premises, as well as for the money damages found by the jury. This was what the plaintiffs were entitled to recover under the instructions of the court to the jury, and the form into which the judge moulded the verdict no doubt expressed the real finding of the jury. The action of the court in thus amending the verdict was clearly within his power. See Cohn et al. v. Scheuer, 115 Pa. 178. The damages awarded to the landlord for the detention of the premises, after the end of the term, do not arise out of contract, but they are indemnity. Compensation is the proper measure of such damages.

We see nothing in the record of this case which would properly convict the trial court of error, and, therefore, the judgment is affirmed.