# Saunders *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Damages—Loss of earning capacity — Evidence — Charge of court.*

1. The ground on which one is entitled to recover for loss of earning capacity is what the party not only can earn but probably, will earn, to the extent of his or her capacity.

2. In a negligence case where the plaintiff, a woman fifty-eight years of age, testified that before the accident she had an earning power of not less than eight or nine dollars a week, but that prior thereto she had entered into an arrangement with her son by which she was to receive five dollars monthly if she did not go out to work, it was error for the court to refuse to permit defendant's counsel to cross-examine her as to the length of time her son intended to continue that arrangement, for the purpose of showing what her future earning capacity would be, as affecting the amount of damages recoverable by both her and her husband.

3. In such case the court erred in charging that plaintiff would be entitled to recover for the loss of her earnings, whatever they were worth, from the date of the accident to the time of the trial, and for any such earnings in the future, regardless of the arrangement which the plaintiff had with her son.

4. In such case where the trial judge instructed the jury to ascertain the present worth of plaintiff's future earnings and defendant's counsel made no request for further instructions, defendant was not in a position to subsequently raise the question as to the inadequacy of the charge on that point.

Argued Oct. 20, 1915.    Appeals, Nos. 52 and 53, Oct. T., 1915, by defendant, from judgment C. P. Allegheny Co., Jan. T., 1913, No. 1520, on verdict for plaintiff in case of Frances Saunders and Alexander Saunders v. Pittsburgh Railways Company.    Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Reversed.

Trespass for personal injuries.    Before HAYMAKER, J.
The opinion of the Supreme Court states the facts.
Verdict for plaintiff, Frances Saunders, in the sum of

$2,500, and for plaintiff, Alexander Saunders, in sum of $1,000, and judgments thereon. Defendant appealed.

*Errors assigned* were the charge of the court and the rulings on evidence referred to in the opinion of the Supreme Court.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellants.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1916:

We must sustain the first assignment of error which complains of the court's action in declining to permit the appellant's counsel to cross-examine Mrs. Saunders, the female plaintiff, as to the arrangement between her and her son relative to the monthly payment which she was to receive from him. She was a woman of fifty-eight years of age at the time she received the injuries on the defendant's street car for which she and her husband bring this action. Her physicians testified that she was permanently injured. She testified that before the accident she was strong and robust and was able to earn on an average not less than eight or nine dollars a week, and that since the accident she had been practically incapacitated from doing all kinds of work, and had suffered and was suffering great pain as the result of her injuries. She also testified that her son said he would give her five dollars a month and would keep her in clothes if she did not go out to work, that she had accepted his offer and had not been working for six or eight weeks prior to the accident and was trying to carry out the arrangement with her son. The defendant's counsel then asked the witness how long the son intended to continue that arrangement, to which the plaintiff's counsel made an objection which was sustained by the court.

This constitutes the first assignment of error. We think it was competent for the defendant to interrogate the witness as to the arrangement or agreement between her and her son as it tended to show what her future earnings would be. Her testimony in chief, if believed, showed that she was earning from eight to nine dollars a week, and the plaintiff claimed that this showed her earning capacity. Conceding this to have been her earning capacity, the defendant claimed that, by reason of the arrangement between her and her son, she had quit outside work several weeks prior to the accident and did not intend to resume it, and her only income was the five dollars per month she received from her son. The compensation which the husband was entitled to receive for the injuries sustained by his wife was the pecuniary loss he sustained by reason of the injuries resulting from the defendant's negligence. If the plaintiff and her son intended to continue this arrangement, it is manifest that whatever the wife's earning capacity may have been it would not have benefited her husband in the future, and hence its loss resulting from the defendant's negligence was no detriment to him. It was, therefore, competent for the defendant to inquire as to the nature and terms of the agreement, and as to the length of time it had been in operation and would probably continue had the accident not happened. If Mrs. Saunders had quit work prior to the time she was injured and intended not to resume it in the future by reason of this agreement, or for any other reason, the husband would not have received anything from her earnings regardless of her earning capacity. The ground on which one is entitled to recover for loss of earning capacity is what the party not only can earn, but probably will earn, to the extent of his or her capacity.

The second assignment alleges error in that part of the charge which instructed the jury that the plaintiff would be entitled to recover for the loss of her earnings, whatever they were worth from the date of the accident to

the time of the trial, and for any loss of earnings in the future regardless of the arrangement which the plaintiff had with her son. It raises the same question as the first assignment of error, and must be sustained.

We are not disposed to sustain the third assignment of error whatever its merits may be, as we think, under the circumstances, that counsel should have directed the court's attention to the matter complained of. So far as the record discloses, it was not called to the attention of the court at any time during the trial. The learned judge told the jury that they should ascertain the present worth of her future earnings, which is the usual way of presenting the question to the jury, and if defendant's counsel desired further instructions they should, under the circumstances, have been requested.

The first and second assignments are sustained, and each judgment is reversed with a venire facias de novo.