# Snyder *v.* Reading Co., Appellant.

*Negligence—Railroads—Passengers—Collision—Presumption.*

1. Where a passenger is injured in a collision, the fact of the collision raises a presumption of negligence against the railroad company.

*Negligence — Damages— Examination of physician—Cross-examination.*

2. Where a doctor, called by plaintiff, describes the plaintiff's nervous condition after the accident, but does not testify that such condition was the result of the accident, and is not called to express his opinion on the subject, he cannot be required, on cross-examination, to state what was plaintiff's nervous condition when he saw him prior to the accident.

3. Cross-examination should be confined to matters touched upon in the direct examination.

*Negligence—Damages—Present worth—Capitalizing—Charge—Failure to request further instructions—Verdict not excessive.*

4. In a negligence case it is the duty of the trial court of its own motion to instruct the jury as to the measure of damages, but where such instructions have been correctly given in a general way, the judgment will not be reversed because something more might have been properly added, for which no request was made.

5. If the case involves the question of future damages, it is the duty of the trial judge to instruct the jury as to the present worth thereof.

6. If the judge, after telling the jury to find the present worth, adds the words "and capitalize it," he does not change the meaning by such addition, and this is specially so if he had previously said that the capitalization was to be of the damages.

7. Such instructions cannot in any event be considered harmful or reversible error where it is admitted by counsel at the argument on appeal that the verdict was not excessive under the evidence.

Argued May 12, 1925. Appeal, No. 197, Jan. T., 1925, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1921, No. 52, on verdict for plaintiff, in case of Abe L. Snyder v. Reading Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before LLOYD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,250. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Voris Auten,* for appellant, cited: Gerber v. Phila., 60 Pa. Superior Ct. 119; Wilkinson v. Boro., 215 Pa. 486.

*Charles C. Lark,* with him *Robert M. Fortney,* for appellee, cited: Moyer v. R. R., 247 Pa. 210; Pittsburgh Block Coal Co. v. Coal Co., 259 Pa. 290; Baker v. Irish, 172 Pa. 528; Lewis v. Water Co., 176 Pa. 237; Benson v. Ry., 228 Pa. 290; Saunders v. Rys., 252 Pa. 79; Reed v. Wood Co., 231 Pa. 431; Fedorawicz v. Illuminating Co.. 246 Pa. 141; Mastel v. Walker, 246 Pa. 65.

OPINION BY MR. JUSTICE WALLING, June 27, 1925:

On July 2, 1920, Abe L. Snyder, while a passenger on defendant's train, sustained personal injuries, caused by a rear-end collision. This suit, brought to recover therefor, resulted in a verdict and judgment in his favor and defendant has appealed. The collision raised a presumption of negligence against the carrier (Doud v. Hines, Director Gen., 269 Pa. 182; Bichley v. Phila. & R. Ry. Co., 257 Pa. 369; Phila. & Reading Railroad Co. v. Anderson, 94 Pa. 351), which defendant made no attempt to rebut. The real contest was over the question of damages and this appeal complains of certain alleged trial errors.

Dr. Holt described the nervous condition in which he found plaintiff some days after the accident and, on cross-examination, defendant proposed to ask him as to the plaintiff's nervous condition when he had seen him on some occasion prior to the accident. On objection,

this was properly excluded as not cross-examination; counsel for plaintiff had deliberately refrained from asking the witness what in his opinion had caused the nervous condition of his patient, and the doctor had not attributed the nervousness he described to the accident; had he done so, or had that subject not been avoided on direct examination, a different question would be presented. The burden was on plaintiff to prove his nervous ailment and that it resulted from the accident, but it was not competent for defendant to disprove the latter by cross-examination of a witness called only to prove the former. Under the circumstances, this case is within the general rule that cross-examination should be confined to matters touched upon in the direct examination. The suggested inquiry might properly have been made of the doctor if called as defendant's witness.

It was not necessary for plaintiff to establish his entire case by one witness; hence, Dr. Holt's evidence, as to the nervous condition after the accident, was competent as a link in the chain of proof and could not be stricken out.

That plaintiff had not fully recovered at the time of trial, four years after the accident, was conceded, but whether he would do so was controverted and for the jury. On the question of damages the trial judge charged the jury in part and in effect that if they found for plaintiff he should be fairly and fully compensated for the injuries sustained, including immediate loss of earnings, the expense necessarily resulting from the injuries and damages for the pain and suffering directly caused thereby, and also for the impairment of his earning power, if they found the injuries permanent. And with reference to the present worth of future damages added, "having established the same [the damages] this amount must be capitalized and its present worth obtained. Simply to multiply the number of years by the yearly earning power would be excessive. If you conclude to make any award, it would be for a sum that is presently payable; hence it must have a present value, and it should be ex-

actly the equivalent of the anticipated sum. You should find the present worth of the money and capitalize it. I have thus indicated the various methods by which you must ascertain the damages to which the plaintiff is entitled, if you find he was permanently injured." No point was submitted on any branch of the case and when at the conclusion of the charge the trial judge asked defendant's counsel if he wished anything more said to the jury, no request was made for further or different instructions on the question of damages and only a general exception was taken to the charge. The jury were given the correct measure of damages in a general way, and had defendant desired more specific instructions, as to damages for injuries not permanent or otherwise, they should have been requested. True, it is the duty of the trial court of its own motion to instruct the jury as to the correct measure of damages and we have recently discussed this subject in Kahn & Feldman v. Herbert, 279 Pa. 440; but where, as here, such instructions were given, the judgment will not be reversed because something more might properly have been added, for which no request was made. See Lerch v. Hershey Transit Co., 255 Pa. 190; Mastel v. Walker, 246 Pa. 65; Murtland v. English, 214 Pa. 325; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454. We do not intimate that the instructions in the instant case were inadequate, but, if so, defendant cannot now complain. "Where no special instructions on the measure of damages are asked for and where those given are not complained of at the trial, a judgment for plaintiff will not be reversed because of the inadequacy of the instructions relating to the measure of damages": Moyer v. Penna. R. R. Co., 247 Pa. 210. A charge free from prejudicial error and not misleading will not be reversed for inadequacy in the absence of a request for more definite instructions. In the opinion by the present Chief Justice in Fortney v. Breon, 245 Pa. 47, it is stated (p. 56): "The defendant did not make any special request for instructions on

the damages or the evidence relative thereto, and he took no specific exception to those given. Under such circumstances, the rule is, 'If an instruction is clearly erroneous upon the question of damages, it is ground for reversal, no matter whether specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will, as a rule, be deemed a waiver of any objections that might otherwise be made;' especially where it is obvious that no harm was done by the matter complained of." See also Burns v. Penna. R. R. Co., 239 Pa. 207; Newingham v. J. T. Blair Co., 232 Pa. 511; Bain v. Doran, 54 Pa. 124. In Kahn & Feldman, Inc., v. Herbert et al., supra, there was a special exception taken to the charge "as to the measure of damages," in which and in other respects it is not analogous to the instant case.

We have said that where the case involves the question of future damages, it is the duty of the trial judge to instruct the jury as to the present worth thereof (Goodhart v. R. R., 177 Pa. 1, 17; Wilkinson v. North East Boro., 215 Pa. 486; McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Gerber v. Phila., 60 Pa. Superior Ct. 119), but that was sufficiently done in the instant case, as appears by the excerpt above quoted, especially as nothing further thereon was requested. See Saunders v. Pittsburgh Rys. Co., 252 Pa. 79. That the trial judge, after telling the jury to find the present worth, added the words, "and capitalize it," left the meaning unchanged and did defendant no possible harm, particularly as he had previously said, in the same instructions that the capitalization was to be of the damages, and, after that was established, its present worth was to be ascertained.

Furthermore, counsel for appellant voluntarily admitted at the bar of this court, during the argument of his appeal, that, under the evidence, the verdict was not excessive; this being so, and the instructions complained of having to do with the measure of damages alone, un-

der no view of the case can they be held to have brought about an excessive verdict, and, therefore, they cannot be accounted harmful or reversible error.

The case was well tried, and the verdict, being reasonable in amount, should not be disturbed.

The judgment is affirmed.