## Thornton et al. v. Langan

*M. D. Mackie, J. W. Murphy*, and *R. T. Law*, for plaintiffs.

*J. M. McCourt* and *W. W. Harris*, for defendant.

LEWIS, J., June 9, 1937.—An action in trespass was brought by plaintiffs to recover for injuries sustained by one of the plaintiffs, Dorothy Thornton, a minor.

The case was called for trial on March 18, 1937, and on March 20, 1937, the jury returned a verdict in favor of plaintiffs, as follows: Mrs. Anna Thornton in the sum of $866.50, and Dorothy Thornton in the sum of $1,000. The minor became 21 years of age on March 21, 1936.

Defendant now moves for a new trial. On his original application for a rule for new trial he assigned seven reasons and reserved the right to file additional reasons within 20 days after the charge of the court and the evidence had been transcribed and filed as a part of the record. The evidence and the charge of the court were filed on May 5, 1937, and on May 17, 1937, he filed an additional reason and moves the court to grant a new trial on the ground of after-discovered evidence, to wit, "that the plaintiff, Dorothy Thornton, was married to George C. Stedman on February 1, 1937, prior to the trial of the case, notwithstanding which fact she posed at the trial as an unmarried person and claimed damages for loss of future earnings, all of which constitutes imposition on the court and on the defendant."

We are satisfied from a careful scrutiny of the testimony in the case that the motion for judgment n. o. v. should not prevail. There is sufficient evidence to warrant the submission of the same to the jury. Obviously, under frequent rulings of the appellate courts of this State to the extent that the testimony of plaintiff should be taken in its most favorable light, the motion for judgment n. o. v. must be refused.

Plaintiff, Dorothy Thornton, claimed permanent injuries, and there was medical testimony to the effect that she would suffer in the future as a result of the damages sustained in the collision described in the testimony. The

extent of these damages for permanent injury was submitted to the jury without instructions as to present worth. This failure is an error sufficient to warrant the granting of a new trial and should have been submitted to the jury.

"We have said that where the case involves the question of future damages, it is the duty of the trial judge to instruct the jury as to the present worth thereof": Snyder v. Reading Co., 284 Pa. 59, 63.

The additional reason filed on May 17, 1937, is likewise of importance and is sufficient in itself to warrant a new trial. Plaintiff, Dorothy Thornton, among other things, testified to her age, employment, disfigurement, and injuries, permanent as well as temporary. Nowhere in the testimony does she disclose the fact of her marriage on February 1, 1937. It is true that she was not asked the question, but she was continually addressed and referred to during the trial as Miss Thornton, without any correction on her part that her name had been changed to that of Mrs. Stedman. What effect her marriage state would have in the deliberations and findings of the jury is conjectural, but we are satisfied that the same might have considerable influence in the deductions of the jury, particularly with reference to the permanency of her injury. We are in full accord with the views expressed in the per curiam decision in Gutowska v. Marsh, 14 D. & C. 246, where the court held:

"A new trial will be granted, in an action to recover for personal injuries sustained in an automobile accident, where it appears that plaintiff, although representing herself at the trial of the case as a single woman, was in fact then married to one who appeared and gave important testimony as a disinterested witness, especially where considerations peculiar to plaintiff's status as an unmarried woman, in connection with the charge of the court instructing the jury as to the measure of damages appropriate to that situation, probably influenced the verdict reached."

In the instant case, while there are no depositions to support the reason assigned on the argument for said rules, counsel for plaintiff admitted before the court in banc that his client, Dorothy Thornton, was married shortly prior to the trial on March 18, 1937.

Now, therefore, June 9, 1937, the motion for judgment n. o. v. is denied and the rule therefor discharged, and the rule for new trial is hereby made absolute.