## Driebe v. Davis et al.

*Philip V. Mattes* and *Roger Mattes*, for plaintiff.
*John P. Mahon* and *Ellis Berger*, for defendants.

HOBAN, P. J., October 28, 1953.—This is a petition for declaratory judgment. The facts are stipulated.

Driebe demised premises in Scranton to defendants for commercial purposes for a term of five years from March 1, 1948. Inserted in the lease after the description was this clause:

"Lessee to have privilege of renewal for five additional years at same rent upon giving 90 days written notice to Lessor prior to expiration of the term."

The familiar clause authorizing lessor to hold the tenant to a renewal for a similar term in the event of the lessee holding over past the term as it appeared in the printed lease used, was stricken from the lease before execution.

Defendants did not give any notice whatever, written or oral, to plaintiff of intention to renew prior to the expiration of the term. Defendants, however, con-

tinued in possession after March 1, 1953, and have paid to plaintiff monthly installments of rent at the rate provided in the lease, which payments were received by plaintiff without comment.

On April 30, 1953, defendants through their lawyer informed plaintiff that they intended to surrender possession of the premises to plaintiff on May 31, 1953. This notice concluded with this: "This 30-day notice is being given to you in accordance with the month-to-month occupancy of said premises by my clients."

Plaintiff's lawyer promptly replied to the notice of intent to surrender, rejected the month-to-month theory, asserted that the current leasehold now runs to March 1, 1958, and suggested that if defendants wanted an earlier termination they should negotiate with plaintiff for that purpose.

In the petition for declaratory judgment plaintiff states that he "claims no right of option to regard defendants either as trespassers or as tenants from year to year." The petition seeks to have the court declare whether under the written instrument and the facts and circumstances recited defendants now hold the premises as tenants from month to month, or whether defendants are bound to a renewed term of five years from March 1, 1953. Defendants have joined in the petition for declaratory judgment upon the terms as stated.

The case seems to be an appropriate one for declaratory judgment and we so accept it.

The intention of the parties must be gathered from the lease, which in this case is the only instrument governing the relationship between the parties. Examining the lease we find that the parties at execution expressly eliminated from the lease any form of lessor's option to be exercised at the end of the term. Not considering for the minute any obligation to lessor created by the option reserved to lessee, the landlord

finds himself with nothing reserved but the right to have his rent paid in full and to regain possession at the end of the term. For we know of no case in which a landlord enforced a renewal of a lease for a period of more than a year where an option was not reserved to the landlord expressly or by necessary implication, and the circumstances indicated an effective exercise of that option, very often by implication through acquiescence in a holding over.

If otherwise the landlord has no option to enforce a renewal by holdover, does the privilege reserved to the tenant to renew upon written notice create an option to the landlord by mere holding over without such notice? To read such an implication into the words of this lease would be to strain the meaning of English words. In a case where the tenant attempted to claim a holdover renewal on a similar clause, our Supreme Court held the mere holding over by the tenant will not be considered an exercise of the option of renewal of the term for the period specified in the option, when the option called for its exercise by formal notice: Murtland v. English, 214 Pa. 325. See also Grothe v. Mehring, 44 York 205. The tables are turned here, the landlord attempting to enforce, rather than resist, the holdover renewal, but the principle must be the same for both parties.

We hold, therefore, that the option in this lease running in favor of the tenant and requiring positive action to exercise it created no right in favor of the landlord, since he has failed to reserve to himself any holdover rights in any form. There is nothing in the case to indicate any effort by the tenant to give notice to renew other than as provided by the option, such as informal statements of intention. As stated in the petition, the tenants gave no notice whatever that they desired to renew the lease.

In the absence of any right reserved to the landlord to declare a holdover renewal, and upon an unauthorized holding over by the tenant, the landlord would have the right to declare the tenant a trespasser, hold him to a lease for a year, or hold him to a monthly tenancy. The acceptance of rent without protest would seem to preclude treating the tenants as trespassers. In any event, plaintiff in the petition for declaratory judgment disclaims any intent to hold defendants as trespassers or to a lease for a year. His remaining option, therefore, is to hold defendants to a month-to-month tenancy.

Judgment, therefore, is declared as follows:

Now, October 28, 1953, upon considering the petition for declaratory judgment, the joinder therein and the terms of the lease entered into between plaintiff as lessor and defendants as lessees, dated February 18, 1948, it is hereby adjudged: That from and after March 1, 1953, defendants hold of plaintiff the premises at 210 North Main Avenue in the City of Scranton, as described in the lease, as tenants from month to month.