# Wilkinson *v.* North East Borough, Appellant.

*Practice, C. P.—Amendment—Cause of action—Statute of limitations—Præcipe.*

Where the prothonotary by mistake issues a summons in assumpsit on a præcipe in trespass, the court may permit the record to be amended so as to show that the action was in trespass, although such amendment is made after the statutory period within which to bring the action had expired. In such a case the amendment does not involve a change in the cause of action.

The præcipe is a part of the record.

*Negligence—Damages—Wrongful instructions—Reversal of judgment.*

Where in an accident case the instructions as to damages are manifestly erroneous, the Supreme Court will reverse the judgment, although neither the plaintiff nor defendant asked at the trial for specific instructions as to the measure of damages.

In a negligence case when future payments are to be anticipated and capitalized in a verdict, the plaintiff is entitled only to their present worth.

In such a case it is error for the court to charge the jury that "in arriving at the amount, you will find what her earning power was prior to the accident, and deduct that from her earning power since the accident, and then take the period of time she will be deprived of her earning power and compute it accordingly."

Argued April 23, 1906. Appeal, No. 158, Jan. T., 1905, by defendant, from judgment of C. P. Erie Co., May T., 1902, No. 80, on verdict of guilty in case of Ella Wilkinson *v.* North East Borough. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries.   Before
Bouton, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The court charged in part as follows :

[In arriving at the amount which she would be entitled to
recover, if she is entitled to recover at all—she is entitled to
recover, if at all, for her loss of earning power, dating from
the time when this injury occurred, down to a time (if there
is any time under the evidence) when she would fully recover.
In determining the length of time for which she would be en-
titled to recover damages for loss of earning power you will
be governed entirely by the evidence.   Will she recover,
eventually, and if so during what time ?   The evidence as to
the amount of earning power, the only witness was the plain-
tiff herself, who testified she could average $1.25 a day, and
that since the injury she had only earned $52.00 in any one
year.

The question is whether she could earn more than the $52.00
a year or not.   In arriving at this amount you would find what
her earning power was prior to the accident and deduct from
that her earning power since the accident, and then take the
period of time you think she will be deprived of her earning
power and compute it accordingly, if you find for her.   In ad-
dition to that she is entitled to recover for her expenses attend-
ant upon this injury, if entitled to recover at all.   You have
the testimony of the physician that his bill was something like
$111.   Her testimony of what she paid this girl, a $1.00 a week
and board, and that the board was worth $3.00 a week.

In addition to loss of earning power and expenses, if she is
entitled to recover she is entitled to recover for her pain and
suffering—for the pain and suffering endured by her in the
past, since this injury, by reason of the injury, and for future
pain and suffering. [1]

The defendant's seventh point was as follows, viz :

7. The plaintiff in this case having been injured on March 2,
1901, and the defendant in this case having been served on
April 12, 1902, with a summons in assumpsit which said sum-
mons was attested March 24, 1902, and returnable the second
Monday in May, 1902, and caused an appearance to be entered

therein, and the plaintiff having thereafter, to wit : on March 9, 1903, moved to amend the writ to summons in trespass, to conform to the præcipe filed in the case, and more than two years having elapsed after the accident, before the plaintiff moved to amend its form of action, said cause of action was then barred by the statute of limitations and the plaintiff cannot recover in this case. *Answer :* This point we also refuse : and in refusing this point, while this is entirely a matter for the court, we desire to put upon the record our views in regard to this.

The præcipe filed in this case directed the prothonotary to issue a summons in trespass. By a mistake on part of the clerk or prothonotary a summons in assumpsit was issued. Counsel for the defendant, on April 14, 1902, by leave of this court, entered an appearance d. b. e. in the case. This appearance was entered long before the two years from the time the right of action accrued,—before the expiration of the two years from the time the right of action accrued.

After two years had elapsed the plaintiff discovering that an error had been made in the issuing of the summons, moved for leave to amend to an action of trespass, which amendment was allowed by this court. Now the allowance of that amendment did not prejudice the rights of this defendant to have the question as to whether or not the action was barred by the statute of limitations passed upon at this time, but it needed no statute of amendments to permit this amendment. It has always been the law that courts have a right at any time to correct their own mistakes ; and we may say that a mistake of the clerk in issuing the writ was the mistake of the court, and it is the inherent right of the courts to correct their own mistakes.

Moreover, we think that when the counsel entered their appearance d. b. e. in this case that they then ought to have known what the præcipe in this case was. It was filed, a record paper in this case, and surely the appearance d. b. e. must either have been for the purpose of taking advantage of a defective service or a defective writ, and we think they were bound by the notice which appeared on the record and that the præcipe filed in this case was for a summons in trespass and it would be a hardship to turn a plaintiff out of court, if they had a meritorious case, or if they had a case which ought to be passed

upon by a jury, through a mere mistake of the clerk of the court.

For these reasons we think this case is not barred by the statute of limitations. [4]

Verdict and judgment for plaintiff for $3,875.  Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*D. R. Cushman* and *T. A. Lamb*, for appellant.—The instructions as to damages was error: Goodhart v. R. R. Co., 177 Pa. 1.

The allowance of the amendment was error: Harlan v. Plater, 19 W. N. C. 401 ; Black v. Dobson, 11 S. & R. 94 ; Seaman v. Miller, 1 Johns. 148 ; Crutcher v. Com., 6 Whart. 340 ; Dornick v. Reichenback, 10 S. & R. 84 ; Duffey v. Houtz, 105 Pa. 96 ; Leeds v. Lockwood, 84 Pa. 70 ; Strock v. Little, 33 Pa. 409 ; Grier Bros. v. Assurance Co., 183 Pa. 334.

*J. E. Mullin* and *Henry E. Fish*, with them *John S. Rilling*, for appellee.—It is not reversible error for the court to fail to charge that a plaintiff is entitled only to the present worth of future earnings, when not requested so to do, in a case where the verdict is moderate in amount: Baker v. Irish, 172 Pa. 528 ; Lewis v. Springfield Water Co., 176 Pa. 237 ; Allegheny v. Nelson, 25 Pa. 332 ; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

The amendment was proper: Cohn v. Scheuer, 115 Pa. 178 ; Ihmsen v. Navigation Co., 27 Pa. 267 ; Marshall v. Oil Co., 198 Pa. 83 ; Wright v. Eureka Tempered Copper Co., 206 Pa. 274 ; Fitzsimons v. Salomon, 2 Binney, 436 ; Grier v. McGlathery, 16 W. N. C. 457; Wood v. Bradbury, 42 Legal Int. 436 ; Wickersham v. Lee, 83 Pa. 422 ; DeHaven v. Bartholomew, 57 Pa. 126 ; Smith v. Taylor, 10 Rob. (La.) 133 ; German Ins. Co. v. Frederick, 58 Fed. Repr. 144 ; Schrenkeisen v. Kishbaugh, 162 Pa. 45.

OPINION BY MR. JUSTICE ELKIN, May 24, 1906 :

Under the authority of our cases and the testimony offered at the trial, the alleged negligence of the defendant as well as

the contributory negligence of the plaintiff were questions of fact to be submitted to and determined by the jury.   We therefore overrule the assignments of error relating to these questions.

The learned counsel for appellant mainly rely on the fourth specification of error which raises the question of the power of the court to authorize the amendment of the record after the expiration of two years from the date of the accident. . The pertinent facts in reference to this question are as follows : The plaintiff was injured March 2, 1901.   On March 24, 1902, a præcipe in trespass was filed, but the prothonotary by mistake issued the summons in assumpsit.   On April 14, 1902, defendant entered an appearance de bene esse.   On March 9, 1903, seven days after the statute of limitations had become a bar the court permitted an amendment to be made correcting the record so as to show that it was an action in trespass as the præcipe called for, instead of assumpsit as named in the summons by mistake.   The appellant earnestly contends that the amendment permitted a change in the form of action, which it is argued cannot be made after the statutory period in which to bring the action had expired.   This contention overlooks the · distinction between cause of action and form of action, as well as the particular facts of the present case.   The general rule on this subject is that no amendment can be allowed, the effect of which is to introduce a new cause of action so as to deprive the opposite party of a valuable right or to injuriously affect the intervening rights of third parties : Strock v. Little, 33 Pa. 409 ; Leeds v. Lockwood, 84 Pa. 70 ; Duffey v. Houtz, 105 Pa. 96 ; Grier Brothers v. Assurance Co., 183 Pa. 334.   It is contended by appellee that the amendment permitted to be made did not change the cause of action.   The court below held that it had the inherent power to correct the mistakes of its own officers as they appear of record, and that such mistakes can be corrected at any time during the course of the trial before or after the statute has become a bar.   The following cases are cited in support of this position : Ihmsen v. Monongahela Navigation Co., 27 Pa. 267 ; Marshall v. Oil Company, 198 Pa. 83; Wright v. Eureka Tempered Copper Co., 206 Pa. 274.   We agree that if the amendment changed the cause of action in fact it could not be made after the statutory period in which to bring

the action.   We do not agree, however, that in the case at bar the cause of action was changed.   The præcipe was in trespass. This court held in Fitzsimons v. Salomon, 2 Binney, 436, that the præcipe is part of the record.   To the same effect is Grier v. McGlathery, 16 W. N. C. 457; Wilhelm's Appeal, 79 Pa. 120; Wolf v. Wolf, 158 Pa. 621.   In Commonwealth v. Silcox, 161 Pa. 484, it was held that no party has a right to have the error of the clerk perpetuated for his benefit.   In Re Road in North Franklin Township, 8 Pa. Superior Ct. 358, it was held that the amendment of the record so as to make it conform to the facts is not prejudicial to the rights of the party.   We have carefully examined all the authorities cited by the appellant bearing on this question, but have not been convinced that any of them support the contention as applied to the facts of this case.   The præcipe being a part of the record and having been filed in trespass, the amendment permitting the word " assumpsit " inserted in summons by mistake of the prothonotary to be changed to " trespass " to follow præcipe, was not a change in the cause of action.

There only remains one other question to be considered.   Did the court commit reversible error in instructing the jury as to the proper measure of damages?   We think it did.   Indeed, counsel for appellee does not seriously contend that the instructions of the learned court in this respect were correct, but it is argued that, inasmuch as neither plaintiff nor defendant asked for specific instructions as to the measure of damages, it is too late to raise the question now.   A number of cases are cited in support of this position.   Baker v. Irish, 172 Pa. 528, is particularly relied on.   It is there said the court will not reverse for inadequacy of the charge on the question of the measure of damages where the verdict is reasonable and moderate.   To the same effect is Lewis v. Springfield Water Co., 176 Pa. 237. We agree that a judgment of the court below should not be reversed for inadequacy in the charge if no injury resulted to the complaining party, and the cases above cited announce this rule. The rule, however, does not apply where the charge of the court is clearly erroneous.   Under such circumstances, it is not a question of inadequacy, but of error.   In every case of negligence it is the duty of the court of its own motion to instruct the jury as to the proper measure of damages.   Without such

instruction a jury has no legal guide for intelligent considera-
tion and correct conclusion.   The learned trial judge instructed
the jury that " in arriving at the amount, you would find what
her earning power was prior to the accident, and deduct from
that her earning power since the accident, and then take the
period of time she will be deprived of her earning power and
compute it accordingly."   This instruction is in plain violation
of the rule laid down in Goodhart v. Penna. Railroad Company,
177 Pa. 1, wherein it is said : " When future payments are to
be anticipated and capitalized in a verdict, the plaintiff is en-
titled to only their present worth.   This is the exact amount
of the equivalent of the anticipated sum."   In the hurry of the
trial we have no doubt the instruction complained of was in-
advertently given, but it was clear error and the judgment must
be reversed on this ground.

Judgment reversed and a venire facias de novo awarded.