## McLane *v.* Pittsburg Railways Company, Appellant.

*Negligence—Damages—Compensation—Pain—Loss of earning power —Charge—Inadequacy of charge.*

1. In instructing a jury as to the measure of damages for pain and suffering in an accident case, the court should not suggest the idea of price or a sum of money as a pecuniary equivalent, but should charge that their verdict should be limited to compensation and compensation alone. An instruction that the jury may allow "the present worth of pain if any is likely to be suffered in the future" is erroneous, unless the words "present worth" are fully and accurately explained as meaning compensation.

2. An instruction that the jury may allow the "present worth" upon a future loss of earning power is inadequate and misleading, if it is not accompanied by further instructions that compensation must be the measure of the damages.

3. In determining damages for the loss of earning power from personal injuries, profits derived from the management of business may properly be considered as measuring the earning power.

4. It is the duty of the court in an accident case to fully instruct the jury upon the measure of damages, without a request for specific instructions; and where the instructions are manifestly erroneous the judgment will be reversed, although no request has been made for specific instructions.

Argued Oct. 20, 1910. Appeal, No. 86, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 584, on verdict for plaintiff in case of George McLane v. Pittsburg Railways Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Brown, P. J.

The opinion of the Supreme Court states the case.

At the trial when the mother of the plaintiff was on the stand, the following offer was made:

Mr. Marshall: For the sole purpose of giving evidence in regard to the plaintiff's earnings prior to the time that he was injured, I offer to prove by the witness that he supported and maintained his mother for several years before he was hurt, and paid her during all that time from $50.00 to $60.00.

The Court: If you show that he had no other source of income.

Mr. Marshall: "Q. Did your son have any other source of income than what he made out of the peddling business? A. No."

Mr. Marshall: It will be followed by testimony on his part that he had no other income.

Objected to as incompetent and irrelevant, and as not properly showing the earning power of the plaintiff.

Objection overruled and bill sealed for defendant.

George McLane, the plaintiff, recalled on his own behalf.

Direct examination by Mr. Marshall: "Q. Had you any other income of any kind before you were hurt other than what you made in your peddling business? A. No."

Mrs. Adelaide McLane recalled on behalf of plaintiff.

Direct examination by Mr. Marshall: "Q. For two years or more before your son was injured state whether or not he gave you any sum of money monthly, and if so, how much? A. Yes, sir; every month he supported me. Q. How much did he give you? A. From $50.00 to $60.00 sometimes."

The court charged as follows:

It is undisputed that by the negligent collision of defendant's cars the plaintiff as a passenger was injured and the resulting damages are disputed issues that you

have to pass upon and settle by the weight of the testimony. And the weight of testimony is measured by the interest, bias, knowledge and experience of the witnesses on the stand, and by their manner and appearance and other surrounding circumstances which give it an impress weak or strong, true or false. Some of the testimony may be as good as gold, some as worthless as a counterfeit.

In personal injury cases like the present one the measure of damages includes compensation for pain and suffering, medical expenses and loss of earnings and of earning power. While compensation for pain and suffering cannot be measured by any fixed standard such as we apply to things bought and sold in the markets, the law allows a reasonable sum, the amount to be fixed by the wise and fair discretion of the jury.

[As a result of the injury you will allow Mr. McLane compensation for the pain and suffering he has undergone from June, 1903, to the present time; and also the present worth of pain, if any, likely to be suffered by him in the future.

Earning power, which is an element of damage claimed in this case, depends upon the age of the person, his station in life, condition of health and habits of industry. Earning power results from the ability to work; and ability to work may be slight, or more, or much, and the earning reward in like proportion. In earning power what has the plaintiff lost from June, 1903, to the present time? Allow him for that. And if the evidence satisfies you that his earning power for the future has been impaired by the injuries he received, to what extent has it been impaired and how long will it last? Is the impairment of ability to work total or partial? Will it last for the rest of his life, or a portion only of the remainder of his days? If for life, how long will that probably be? That is largely a guess, for no one can fathom the mystery or length of human life. He may die to-day, to-morrow, next week or next year, or live for many years, but based upon his age, health and habits of life, how long will he probably

live—how many years or a less period of time? Whatever you determine as to the probable duration of his life and as to the impairment of his power to work, to earn, the compensation to be allowed for any future loss of earnings and for pain and suffering must be its present worth, for whatever is allowed for such future loss is payable now.] [4]

Briefly to repeat: The elements of damage are pain and suffering, medical expenses, and loss of earning power.

The clear, forcible and able arguments of counsel will be very helpful to you in weighing the testimony and reaching a correct measure of injury and the resulting damage.

We may say to counsel that if we have overlooked any matter to which they would have us draw the attention of the jury, we would be pleased to have them mention it.

Mr. Marshall: Will you explain as to the future earnings and the present worth?

The Court: [I said that the plaintiff is entitled to the loss of earnings from the time of the injury to the present time, and he would be entitled to recover the loss of future earnings, based upon his impaired earning power for a future time, whatever it might be, whether for life or for a shorter time, whether for a short time or for years or many years. Whatever that might be is to be expressed in the present worth of that sum, whether it be hundreds of dollars or thousands, as the case may be. Whatever that sum may be it is the present worth of that sum, for it is payable now.] [5]

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (4–5) above instructions, quoting them.

*Walter M. Lindsay*, with him *Clarence Burleigh* and *William A. Challener*, for appellant.—Evidence of the

profits of a business, in which a person is engaged, is inadmissible, as a measure of his earning power: Goodhart v. R. R. Co., 177 Pa. 1; McCracken v. Traction Co., 201 Pa. 384.

The charge of the court below, upon the measure of damages, was insufficient and inadequate: Wilkinson v. North East Boro., 215 Pa. 486; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Holden v. Penna. R. R. Co., 169 Pa. 1; Tietz v. Phila. Traction Co., 169 Pa. 516; Richards v. Willard, 176 Pa. 181; Fineburg v. Pass. Ry. Co., 182 Pa. 97; Cooley v. Traction Co., 189 Pa. 563; Clark v. Union Traction Co., 210 Pa. 636; Hodder v. Rapid Transit Co., 217 Pa. 110; Davies v. Rapid Transit Co., 228 Pa. 176.

*Thos. M. Marshall, Jr.*, for appellee.—Profits may be the measure of earnings: Wallace v. Penna. R. R. Co., 195 Pa. 127; Hanover Branch R. R. Co. v. Coyle, 55 Pa. 396; Penna. R. R. Co. v. Dale, 76 Pa. 47; Simpson v. R. R. Co., 210 Pa. 101; Buckman v. Ry. Co., 227 Pa. 277; McCracken v. Traction Co., 201 Pa. 384.

The charge was adequate: Wilkinson v. North East Boro., 215 Pa. 486; Baker v. Irish, 172 Pa. 528; Lewis v. Springfield Water Co., 176 Pa. 237; Com. v. Caraffa, 222 Pa. 297; Johnson v. Fire Ins. Co., 218 Pa. 421; Irwin v. R. R. Co., 226 Pa. 156.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

The action was for damages for personal injury sustained by the plaintiff while a passenger on one of defendant's cars. It resulted in a very substantial verdict for the plaintiff. The appeal brings before us for review so much of the charge of the court as relates to the measure of damages, and a single question of evidence. The elements of damage considered in the case were the pain and suffering endured and likely yet to be endured, and the loss of earning power. It is complained that the instruction with respect to the admeasurement of these

was inadequate and misleading.  The charge was so brief that it will not unduly lengthen this opinion to give in full all that it contains on these several points.  With respect to the first—pain and suffering—the instruction was as follows:

"In personal injury cases like the present one the measure of damages includes compensation for pain and suffering, medical expenses and loss of earnings and earning power.  While compensation for pain and suffering cannot be measured by any fixed standard such as we apply to things bought and sold in the markets, the law allows a reasonable sum, the amount to be fixed by the wise and fair discretion of the jury.  As a result of the injury you will allow Mr. McLane compensation for the pain and suffering he has undergone from June, 1903, to the present time, and also the present worth of pain, if any likely to be suffered by him in the future."  We only remark on the brevity of this instruction to emphasize the importance, when the effort is to be brief and concise in the charge, of being strictly exact in the use of terms.  A little elaboration by way of explanation would have made clear to the jury what is here left obscure, and what may have been, for all we know, misleading.  It will be noticed that two standards of measurement are set up.  With respect to past pain and suffering, the jury are directed to allow compensation; with respect to that yet likely to result, they are to allow present worth.  The professional mind would not, of course, understand from the language used that different standards were intended.  The charge however was not addressed to the professional mind, but to a jury composed of laymen, and was for their instruction and guidance.  What meaning would they derive from the words, "present worth"?  Compensation expresses a thought easily grasped, however difficult it may be to work it out in practical result.  Worth is the quality of a thing which gives it value, and is as easily comprehended.  The two words are not equivalent, and we have no right to suppose that the jury

would so regard them. Except as otherwise instructed, the average juror's understanding of worth would associate it with the idea of cost or price. Such misapprehension of the court's meaning would either lead to the adoption of a mistaken standard, or leave the jury in uncertainty as to which of the two was to be their guide. The importance of setting before the jury with exactness the one and only standard the law has for the measure of damages in cases of this kind, has often been made the subject of judicial comment; while charges not explicit enough to exclude from the minds of the jury the idea of price in connection with pain and suffering, have not infrequently led to reversal of judgment. In Baker v. Penna. Co., 142 Pa. 503, it is said, "There is no market in which the price of a voluntary subjection of one's self to pain and suffering can be fixed. There is no market standard of value to be applied; and to suggest the idea of price to be paid to a volunteer as an approximation in the money value of suffering, is to give loose rein to sympathy and caprice." This was said in a case where there was no such confusion of terms as here, and where the word compensation alone was used to indicate a measure; and yet, because the idea of price, in connection with pain and suffering claimed for, might be derived from the remarks of the court, the judgment was reversed. Again, in Goodhart v. Penna. R. R. Co., 177 Pa. 1, it is said: "An instruction that leaves the jury to regard pain and suffering as an independent item of damage to be compensated by a sum of money that may be regarded as pecuniary equivalent, is not only inexact, but it is erroneous." The only thing the law aims at in such cases as this is compensation; and the importance of confining the attention of the jury to this one consideration, is thus emphasized in Collins v. Leafey, 124 Pa. 203. Mr. Justice MITCHELL there says, referring to the charge in that case: "This language cannot be said to convey to the unlearned mind the proper rule for the estimation of damages. The law cannot fix amounts, but it has a rule

by which they are to be fixed; and in cases of this kind, when the inherent difficulties of measuring pain and suffering by a money standard are already so great, and the tendency of juries to suppose that they may be generous rather than just, is so strong, it is error not to lay down for the guidance of the jury in the most explicit terms, the limitations of their verdict to compensation and compensation alone." The charge here condemned fell no further short of these requirements than the one we are considering; indeed it approached more closely. Nowhere in this charge is there anything more than an implied limitation on the verdict, discoverable only as it is sought for. This is but a feeble and insufficient substitute for the explicit terms required by the rule above stated.

If we turn to the instruction as to the other element of damage, loss of earning power, the inadequacy is quite as apparent. The charge proceeds, "Earning power, which is an element of damage claimed in this case, depends upon the age of the person, his station in life, condition of health and habits of industry. Earning power results from the ability to work, and ability to work may be slight or more, or much, and the earning reward in like proportion. In earning power what has the plaintiff lost from June, 1903, to the present time? Allow him for that. And if the evidence satisfies you that his earning power for the future has been impaired by the injury he received, to what extent has it been impaired and how long will it last? Is the impairment of ability to work total or partial? . . . . Whatever you determine as to probable duration of his life and as to the impairment of his power to work, to earn, the compensation to be allowed for any future loss of earning and for pain and suffering must be its present worth, for whatever is allowed for such future loss is payable now." While there may be no positive error in this instruction as to measure of damages, it is far from being such a presentation of the law governing this question as was required for the proper guidance of the jury in their investigation of the case. The

word "compensation" occurs but once in the charge instructing as to the loss of earning power, and, in the connection there employed, it would only be the most attentive mind that would observe it; and more than simple attention would be required to understand its proper significance. Where the sole purpose of the law, compensation, is so obscured or feebly expressed in a charge as here, we can have no reasonable assurance that the verdict rendered under it is not quite as much an expression of sympathy as of considerate judgment. Again, with respect to the quantum of loss of earning power, the jury were entitled to receive fuller instruction than was given. They were told correctly enough on what earning power depended, but they were not given any basis on which the comparison which would determine the result was to be made. Their attention was not called in any way to the evidence which went to show what the earning capacity of the plaintiff was before he was injured, nor to the evidence with regard to the future probability, notwithstanding the fact that there was diversity in the former, and most positive and decided disagreement as to the latter. Indeed they were not even made acquainted with the purpose of this evidence by the court; but were left to derive it for themselves and apply it by their own unaided skill. So too the instruction that the compensation to be allowed for any future loss of earnings and for pain and suffering, must be its present worth. The rule is correctly enough stated, but without full instructions as to the method of its application, it would in the case of the ordinary jury, be assuming a good deal to conclude that the law had been intelligently and correctly applied. Because of the foregoing considerations we are constrained to sustain the third and fourth assignments of error, and hold that the charge is inadequate. No fuller instructions, it is true, were asked for by the defendant's counsel; but as we said in Wilkinson v. North East Boro., 215 Pa. 486, it is the duty of the court of its own motion to instruct the jury as to the proper measure of

damages.   Besides, counsel for defendant may well be excused for having omitted to ask for fuller instructions, in view of the fact that counsel for plaintiff promptly made such demand with respect "to the future earnings and the present worth," and the response was simply a repetition of what had been already said.

Since another trial of the case must result, an expression on the question of evidence raised by the first and second assignments is required.   At the time plaintiff's injuries were received he was.engaged in the huckstering business which he conducted unaided, giving to it his personal attention, and devoting to it all his time.   When on the stand he was asked with respect to the profits derived from the business.   Upon objection the question was disallowed.   Subsequently the plaintiff's mother was called, and was permitted, under objection, to testify that plaintiff had no other source of income than his huckstering, and that out of said income he had paid her from $50.00 to $60.00 each month for a period of a year or more prior to his injury.   However questionable this evidence, it is evident that it was resorted to in order to supply, as far as possible, so much of the plaintiff's own testimony as had been rejected, the profits of his business.   The rejection of that testimony was error.   We need only refer to the case of Wallace v. Penna. R. R. Co., 195 Pa. 127, where it is held, the present Chief Justice delivering the opinion, that "profits derived from capital invested in business cannot be considered as earnings, but in many cases profits derived from the management of business may properly be considered as measuring the earning power.   This is especially true when the business is one which requires and receives the personal attention and labor of the owner."   We need not express ourselves further on this branch of the case.   The judgment is reversed, and a venire de novo awarded.