## Thomas v. Altoona and Logan Valley Electric Company, Appellant.

*Negligence—Street railway—Getting on car—Passenger—Case for jury.*

1. In an action against a street railway company to recover damages for personal injuries to an intending passenger sustained while attempting to get on a car, the case is for the jury where the evidence is conflicting as to whether the car was moving or not when the plaintiff attempted to get on.

*Negligence—Damages—Permanent injuries—Prior suit between same parties—Record—Evidence.*

2. The fact that damages were claimed for permanent injuries in a former suit between the same parties, does not preclude the same plaintiff from claiming in a later suit for permanent injuries resulting from another accident, if the plaintiff was restored to good health in the meantime, or if the injuries were to another part of the body, or if it appears that no actual damages were recovered in the former suit because the injuries sustained were caused by an independent contractor.

3. In such a case the record of the former suit is not admissible for the purpose of attacking the credibility of the plaintiff as a witness.

Argued April 15, 1912. Appeal No. 142, Jan. T., 1911, by defendant from judgment of C. P. Blair Co., March T., 1911, No. 188, on verdict for plaintiff in case of Harry L. Thomas and Annie Jane Thomas, his wife, v. Altoona & Logan Valley Electric Railway Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHULL, P. J., specially presiding.

At the trial it appeared that the plaintiff, Annie J. Thomas, was injured on June 4, 1909, while attempting to get on one of defendant's cars. The evidence was conflicting as to whether the car was moving when the plaintiff attempted to get on.

Counsel for defendant offered the record of a suit of Harry L. Thomas and Anna Jane Thomas instituted to No. 5, Oct. T., 1897, wherein Harry L. Thomas and Annie J. Thomas, his wife, were the plaintiffs and The Altoona and Logan Valley Electric Railway Company, defendant, in which the cause of action was trespass for personal injuries, alleging permanent disability. The record also showing that a nonsuit was entered and the case appealed to the Supreme Court, where the judgment was affirmed.

This is for the purpose of showing that the parties plaintiff to this action instituted a similar suit some twelve years ago alleging as the cause of action, identically the same injuries as attributed to the company in this instance; and further for the purpose of showing that at that time permanent disability was claimed.

This offer was objected to because this action is based upon an alleged injury in 1893, and is too remote to be introduced in these proceedings.

By the Court: The objection is sustained, the evidence rejected and we will seal a bill for the defendant. (1)

This record is also offered for the further purpose of attacking the credibility of the plaintiff in this action.

By the Court: The former ruling is maintained and a bill sealed for the defendant. (2)

Defendant presented these points:

3.—If the jury believe the plaintiff instituted a suit for personal injuries against this same defendant and then claimed that she was permanently injured and incapacitated from work for substantially the same causes as she now claims, then she cannot recover.

Answer—Refused. (4)

4.—If from all the evidence, the jury believe that the plaintiff is feigning any of the ailments for which she now claims damages, then they are warranted in finding a verdict for defendant.

Answer—Refused. (5)

5.—Under all the evidence and the law the verdict must be for the defendant.

Answer—Refused. (6)

Verdict and judgment for Henry L. Thomas for $690, and for Annie Jane Thomas for $1,500. Defendant appealed.

*Errors assigned,* among others, were (1, 2) rulings on evidence quoting the bill of exceptions (4-6) above instructions quoting them.

*Thomas H. Greevy,* with him *E. G. Brotherlin,* for appellant.

*W. I. Woodcock,* with him *J. Lee Plummer,* for appellees.

Opinion by Mr. Justice Elkin, May 6, 1912:

The negligence charged in this case is that the car was suddenly started before the injured party, an intending passenger, had time to safely board it, which she was attempting to do when the injuries complained of were sustained. This, it is alleged, resulted in throwing the intending passenger to the street and caused the injuries for which damages are claimed. On this branch of the case the defense was that the plaintiff attempted to board a moving car, and if so, there could be no recovery. The evidence on this controlling question is, to some extent, contradictory, but it was clearly for the jury, and it would have been error not to submit it. Two of the assignments of error relate to the refusal of the court to admit in evidence the record of a former suit brought by the same parties against the same company for injuries of like character alleged to have been sustained many years before the happening of the accident in the present case. The action in the former suit

was brought in 1897 for injuries sustained in 1893. The theory relied on to justify this offer is that the plaintiffs claimed damages for permanent injuries then, and should not be permitted to recover for permanent injuries now. There was no recovery in that case because the court below and here held that the injuries were caused by an independent contractor for whose negligence the railway company was not liable: Thomas v. Railway Co., 191 Pa. 361. It is difficult to see how a claim for damages, not sustained, in a suit for injuries suffered in 1893, can be a bar to a recovery for injuries resulting from entirely different negligent acts in 1909. The fact that damages were claimed for permanent injuries in the former suit does not preclude the same plaintiff from claiming for permanent injuries in the present suit, if, as the facts show, the party was restored to good health in the meantime. Then, again, it might very well be, that a party who had suffered permanent injuries to one part of the body at a former time, could be permanently injured in another part of the body at a subsequent time. In the present case the particular injuries relied on to sustain a recovery were entirely different from those set out in the former suit, except as the injuries in both cases affected the nervous system. But all of these facts were for the jury, and they were fairly submitted. Nor can we agree that the record should have been admitted for the purpose of attacking the credibility of the plaintiff as a witness. That suit was for different injuries resulting from different negligent acts, and the record shows that a recovery was denied on the sole ground that the injuries were caused by an independent contractor. Under these circumstances it would work an injustice to allow that record to be introduced in the present suit for the purpose of showing that the plaintiff was not acting in good faith in seeking to recover damages for different injuries suffered many years later. In addition, it may be suggested that the defendant called witnesses and proved all the ma-

terial facts connected with the former suit. The testimony of these witnesses answered every purpose for which the record could have been offered, and therefore no harm was done appellant by refusing to admit it.

We think no useful purpose will be served by discussing each of the seventeen assignments of error. All of them have been carefully examined, without convincing us that any reversible error was committed by the trial judge. The case on every disputed question was for the jury. It was carefully and intelligently tried. Both sides were represented by able and capable counsel. The trial judge was impartial and fair. The case was clearly presented to the jury and the evidence was ample to sustain the verdict. We can see no reason to disturb it. The opinion of the trial judge in refusing the motion for a new trial covers every feature of the case and is a vindication of the disposition made of it. The assignments of error are all overruled because in our opinion they do not warrant a reversal.

Judgment affirmed.