# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Reitler v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings—"Stop, look and listen" —Case for jury.*

1. In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury where the evidence for the plaintiff, although contradicted, tended to show that the plaintiff and his driver approached in an empty hay wagon a five track grade crossing of the defendant company, that they stopped, looked and listened; that the view to the left was obstructed by cars and locomotives standing on the first two tracks; that an employee of the defendant signaled them to cross; that they then drove slowly over the crossing without hearing or seeing anything and were caught by an engine operated on the third track, and approaching from the left.

*Negligence—Damages—Permanent injuries—Erroneous instructions.*

2. In an action to recover damages for personal injuries it is clear error for the court to charge that the plaintiff is entitled to recover, if entitled to recover at all, "for the amount which he would likely earn during the remainder of his life." In such a case the plaintiff is entitled to recover not what he is likely to earn during the remainder of his life, but for the loss of earning power during that period, and this depends upon whether he is permanently disabled, or only partially so.

3. If a person is totally and permanently disabled he is entitled to recover his damages for the loss of earning power during the remainder of his life, and in determining this the jury must consider the injured person's state of health, habits of life, character of employment, the increasing disabilities of age, and many other things of like character which in the course of nature produce the earning power.

4. When the loss of future earning power is anticipated in a verdict, it should be the exact equivalent or present worth of the injured person's loss of earnings during the several years of his life expectancy.

5. If there is only a partial loss of earning power, the jury must determine what that partial loss is under the evidence, the number of years it is likely to continue, and then find the present worth of the amount so ascertained.

6. It is most important in the trial of personal injury cases that the jury should be carefully instructed as to the true measure of damages that may be considered in arriving at a proper verdict, and the court should of its own motion give the proper instructions.

Argued October 7, 1912. Appeal, No. 3; Oct. T., 1911, by defendant, from judgment of C. P. Cambria Co., March T., 1910, No. 161, on verdict for plaintiff in case of Daniel Reitler v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before O'CONNOR, P. J.

At the trial it appeared that the accident occurred at five o'clock P. M. on December 6, 1909. The plaintiff and his driver approached in a two-horse empty hay wagon a grade crossing of the defendant where there were five tracks. Plaintiff and his witnesses testified that he and his driver stopped, looked and listened at a point about thirty feet from the first track. Their view was obstructed to the left by an engine on the first track and by cars on the second track. Plaintiff offered further proof that while they were stopping one of defendant's employees motioned them to cross, and that

they then proceeded and were caught by an engine on the third track which approached the crossing from behind the standing cars on the second track. Plaintiff and his driver testified that when they stopped they did not see nor hear anything approaching.

The court charged in part as follows:

["As we recall his (Mr. Nichol) testimony, he says he saw an engine upon the railroad and while the team was standing there he saw the signal given which the driver and Mr. Reitler testified to and which they all interpreted as being the signal to the driver of his team to move on, indicating that the crossing was free from danger, that is the way the driver says he interpreted it."] (3)

["He (the driver) applied the whip to the horses; they plunged forward and he says, the engine caught a two by four piece of timber, which was used in connection with the brake and which projected some feet behind the wagon, pushed the wagon around with such force as to throw Mr. Reitler from the wagon."] (4)

["If you find from the weight of the evidence and considering all the evidence in the case, that he did stop, look and listen, then consider whether or not he stopped, looked and listened at the proper place—at the best place. Evidence that he stopped, looked and listened at the usual place of stopping for that purpose is admissible and proper for the jury's consideration. Now, if you find that he stopped, looked and listened, then consider whether or not he stopped, looked and listened at the proper place—at the right place, at the best place."] (5)

["If the engine, by its presence there, by its approaching that crossing in the way it did, resulted in the driver's whipping his horses in order to avoid a worse accident, and the engine struck the pole extending out in the rear of the wagon and, in the getting away, as testified to by the driver and Mr. Reitler, Mr. Reitler was thrown from his wagon and injured, then if what

the ; defendant company did through its servants amounted to negligence, the plaintiff would be entitled to recover."] (6)

["Now, gentlemen of the jury, the plaintiff is not only entitled to recover, if entitled to recover at all, for the amount which he would likely earn during the remainder of his life, but is also entitled to recover for any expense or outlay which he may have been put to in the way of payment of money as a direct result of the injuries complained of. He testified that he had paid fifty dollars, we believe, for a doctor bill. We do not know that there is anything else specially that he has paid, but he is taking treatment yet in a certain degree. He is also entitled to compensation for any loss of time which he suffered since the injury was inflicted, as well as for pain, suffering and inconvenience which he has endured and is likely to endure in the future, as a result of the injury."] (7)

Defendant presented inter alia these points:

1. If the jury believe plaintiff and his driver stopped, looked and listened at any point between the bridge and the first track, which they testified they did, and admit that from such point they could not see a locomotive approaching on the third track, because an engine was standing on the first track and a long train of cars was also standing on the second track, therefore, they were negligent in attempting to cross or go on the third track and the verdict should be for the defendant company.

A.—By the Court: Refused. (8)

3. Inasmuch as plaintiff admits he could not see the engine approaching on the third track, by reason of the obstructions to his vision on the first and second tracks, it was his duty, or that of his driver, to have stopped the team before attempting to proceed and to have alighted and walked to the corner of the car where he could have had a clear vision line of 4,900 feet, and not having done so, the verdict should be for the defendant.

A.—By the Court: Refused. (9)

Verdict and judgment for plaintiff for $4,194. Defendant appealed.

*Errors assigned* were (3-9) above instructions, quoting them and (11) refusal of binding instructions for defendant.

*H. W. Storey,* for appellant.—If a person approaches a railroad in a vehicle, and cannot from his seat in it, have a view of the tracks, he must get down from it and walk to where he can have a view: Kinter v. R. R. Co., 204 Pa. 497; Mankewicz v. R. R. Co., 214 Pa. 386; Bistider v. R. R. Co., 224 Pa. 615.

There was no evidence that plaintiff was totally incapacitated from earning a living; his injuries were about the shoulder and neck, nor did he claim he was totally disabled, therefore, it was error for the court to instruct the jury that that amount which he would be entitled to get, if anything, would be what "he would likely earn during the remainder of his life."

*J. Wallace Paul,* with him *E. T. McNeelis,* for appellee.

Opinion by Mr. Justice Elkin, January 6, 1913:

It may be conceded that upon the question of the contributory negligence of the appellee this is a close case, but after a careful review of all the testimony we have concluded it was for the jury. Whether the driver of the team stopped, looked and listened at a proper place, or failed in the performance of any other duty required of him under the circumstances, were questions of fact for the jury and not of law for the court. The testimony is conflicting and the facts are not so clear as to warrant the court in declaring the plaintiff guilty of contributory negligence as a matter of law. We are all of opinion that the questions of negligence and of contributory negligence were for the jury.

The instruction of the trial judge on the question of the measure of damages which is made the subject of the seventh assignment of error calls for consideration and discussion. It is as follows: "Now, gentlemen of the jury, the plaintiff is not only entitled to recover, if entitled to recover at all, for the amount which he would likely earn during the remainder of his life, but is also entitled to recover for any expense or outlay which he may have been put to in the way of payment of money as a direct result of the injuries complained of. He testified that he had paid fifty dollars, we believe, for a doctor bill. We do not know that there is anything else specially that he had paid, but he is taking treatment yet in a certain degree. He is also entitled to compensation for any loss of time which he suffered since the injury was inflicted, as well as for pain, suffering and inconvenience which he has endured and is likely to endure in the future, as a result of the injury." This instruction as a whole is vague, indefinite and inadequate in the sense of not calling the attention of the jury to the elements of damage which may be considered in arriving at a proper verdict based upon compensation for the injuries actually sustained. It is most important in the trial of this class of cases to carefully instruct the jury as to the true measure of damages that may be considered in arriving at a proper verdict, and the court should of its own motion, give the proper instructions. A jury needs all the assistance a court can give when it undertakes to determine under the rules of law what compensation a person is entitled to receive for injuries sustained. We notice a tendency in the trial of recent cases to give juries a very wide latitude in determining what amount of damages the injured party is entitled to in causes of this character. This practice is not to be encouraged. It overlooks and disregards the rule that compensation is the true standard by which the law measures such damages. What was said in Collins v. Leafey, 124 Pa. 203; Goodhart v.

Railroad Company, 177 Pa. 1, and McLane v. Pittsburgh Railways Company, 230 Pa. 29, should be regarded as of first importance in instructing a jury as to the true measure of damages in this class of cases. That part of the charge in the case at bar in which the jury was instructed that the plaintiff was entitled to recover, if entitled to recover at all, the amount which he would likely earn during the remainder of his life is clearly erroneous. The plantiff was entitled to recover not what he was likely to earn during the remainder of his life, but for the loss of earning power during that period, and this depends upon whether he was permanently disabled or only partially so. Then, again, this instruction loses sight of the important fact that the loss of future earning power is anticipated in a present sum, the income of which the plaintiff will enjoy. In other words, when future payments are anticipated and capitalized in a verdict, the plaintiff is entitled only to their present worth: Goodhart v. Railroad Co., supra. As an illustration of the importance of adhering to this rule, let us assume that under the evidence in the present case the jury would be warranted in finding the plaintiff permanently disabled; that his loss of earning power was $400 a year; and that he had a life expectancy of twenty years; under the instruction complained of the jury would simply multiply the loss of earning power for each year by the number of years of his life expectancy, making a total sum of $8,000. This sum invested at five per cent. would produce an annual income equal to his total loss of earning power. He would then have an income from his investment, the full equivalent of his earning power each year, and in addition would have the principal sum from which the income was derived. This is not the law and such a verdict ignores the rule of just compensation. The rule is that a person totally and permanently disabled by the negligent acts of another is entitled to recover as damages the loss of earning power during the remainder of his life. This

does not mean that the earning power of the injured person would remain the same during the entire period of his life expectancy as it was at and before the time of his injury. State of health, habits of life, character of employment, the increasing disabilities of age, and many other things of like character, which in the course of nature reduce the earning power, must be taken into consideration in determining what is proper compensation for the loss of future earnings. It is the loss of future earning power that is to be compensated in damages, and that loss may be distributed over a period of ten, fifteen or twenty years. As men grow older and less able to work their earning power is not so great, and this fact is to be taken into consideration. When the loss of future earning power is anticipated in a verdict, it should be the exact equivalent, or present worth, of his future loss of earnings during the several years of his life expectancy. It is the duty of the court to so instruct the jury: Wilkinson v. North East Boro., 215 Pa. 486; McLane v. Pittsburgh Railways Company, supra. When there is only a partial loss of earning power, the jury must determine what that partial loss is under the evidence, the number of years it is likely to continue, and then find the present worth of the amount so ascertained. In the present case it is a question of erroneous instruction, not of inadequacy of the charge, and for this reason there must be a reversal.

The remaining assignments of error are of minor importance, and relate mainly to the rejection and admission of testimony. It will be unnecessary to discuss these assignments at this time. When the case is again tried these matters can be called to the attention of the trial judge and no doubt will be properly disposed of.

Judgment reversed and a venire facias de novo awarded.