## Burns *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Evidence—Record of another suit.*

1. In an action against a railroad company to recover damages for personal injuries an offer of the exemplification of the record of another suit brought by the same plaintiff against another railroad company to recover damages for personal injuries received at a different time and place many years before the injuries in the case at issue were sustained, is properly excluded.

*Negligence—Instructions—Damages.*

2. If in a damage suit an instruction is clearly erroneous upon the question of damages it is ground for reversal, no matter whether specific instructions were requested or not, but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will as a rule be deemed a waiver of any objections that might otherwise be made.  The judgment will not be reversed because the court did not go into an explanation of the present value of probable loss of earnings in future, where the testimony related to loss of earnings prior to the trial and was ample to sustain the verdict.

Argued October 7, 1912.  Appeal, No. 189, Oct. T., 1912, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1909, No. 545, on verdict for plaintiff in case of Patrick Burns v. The Pennsylvania Railroad

Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts of the case are stated in Burns v. Pennsylvania Railroad Company, 233 Pa. 304.

Verdict for plaintiff for $4,000.00 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and instructions of the court.

*H. W. Storey,* for appellant.

*Donald E. Dufton,* with him *Thomas L. Kerin* and *O'Connor & Leahey,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 13, 1913:

When this case was here before it was decided that the negligence of the appellant company and the contributory negligence of the appellee were questions of fact for the jury: Burns v. R. R. Co., 233 Pa. 304. We find nothing in the present record to warrant a different disposition of the case now. In the case at bar, as at the former trial, the court could not have properly declared appellee guilty of contributory negligence as a matter of law. This was a question of fact and it was for the jury to say whether appellee negligently contributed to the injuries about which he complains. Nothing remains to be considered on the present appeal except the manner of submission at the second trial. A careful review of the entire record, including the testimony introduced by both sides, fails to convince us that the learned trial judge committed any reversible error in submitting the case to the jury. The first, second, third, fourth and fifth assignments are without substantial merit and certainly do not constitute reversible error. We agree with the learned trial judge

that the offer of the exemplification of the record of another suit brought by the same plaintiff against another railroad company to recover damages for injuries received at a different time and place many years before the injuries in the present case were sustained, was properly excluded. The question raised by this assignment is substantially ruled by the recent case of Thomas v. Electric Company, 236 Pa. 365.

The sixth and seventh assignments relate to the adequacy of the charge as to the measure of damages. The instruction complained of is brief and may very properly be regarded as inadequate, but we find nothing therein contained clearly erroneous. If an instruction is clearly erroneous upon the question of damages it is ground for reversal, no matter whether specific instructions were requested or not; but if the charge be only inadequate, it is the duty of counsel to ask for more definite instructions, and failure to do so will as a rule be deemed a waiver of any objections that might otherwise be made. Counsel did not request more definite instructions and is not in position now to ask a reversal upon this ground when he fails to point out any clear error in the charge. The question of the present worth of the loss of future earnings does not enter into this case. The injuries were sustained on March 30, 1909, and the trial began March 19, 1912, three years later. The testimony relates to the loss of earning power during this period and is ample to sustain the verdict. This testimony is uncontradicted and the jury must have believed it. Under these circumstances the rule as to the present worth of the loss of future earnings during the period of life expectancy as stated in Goodhart v. R. R. Co., 177 Pa. 1; Wilkinson v. North East Boro., 215 Pa. 486; and McLane v. Rys. Co., 230 Pa. 29, has no application.

Assignments of error overruled and judgment affirmed.