# Reitler v. Pennsylvania Railroad Company, Appellant.

*Negligence—Contributory negligence—Railroads—Grade cross-ings—"Stop, look and listen"—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury where the evidence for the plaintiff, although contradicted, tended to show that the plaintiff and his driver approached in an empty hay wagon a five track grade crossing of the defendant company, that they stopped, looked and listened; that the view to the left was obstructed by cars and locomotives standing on the first two tracks; that an employee of the defendant signaled them to cross; that they then drove slowly over the crossing without hearing or seeing anything, and were caught by an engine oper-ated on the third track, and approaching from the left.

Argued Oct. 8, 1913. Appeal, No. 237, Oct. T., 1913, by defendant, from judgment of C. P. Cambria Co., March T., 1910, No. 161, on verdict for plaintiff in case of Daniel Reitler v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STEPHENS, P. J.

The facts are stated in Reitler v. Pa. R. R. Co., 238 Pa. 1.

Verdict for plaintiff for $3,650 and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury and the refusal of binding instructions for defendant.

*H. W. Storey,* for appellant.

*J. Wallace Paul* and *E. T. McNeelis,* submitted a paper book for appellee.

PER CURIAM, November 7, 1913:

When the same parties were before us in 1912 in an action to recover for the same injuries, the judgment was reversed because of error in the instructions on the measure of damages, but it was decided that the question of negligence was for the jury. It was said in the opinion of this court: "It may be conceded that upon the question of the contributory negligence of the appellee this is a close case, but after a careful review of all the testimony we have concluded it was for the jury." See Reitler v. Railroad, 238 Pa. 1. At the second trial the testimony was substantially the same as at the first, and we find no error in the conduct of the trial.

The judgment is affirmed.