### Smith *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Trespass for personal injuries—Damages—Items of damage—Instructions to jury—Erroneous instructions.*

1. The proper practice in proving the damages in actions for personal injuries is to show what expenses were actually incurred, what the loss of earning power resulting from the injuries was up to the time of trial, and what such loss may be in the future, and in addition to these elements of damage, the jury should be instructed that they may take into consideration the question of pain and suffering.

2. In an action of trespass to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence, wherein the case was for the jury, the trial judge erred in charging the jury that "there is no rule of law by which the amount of damages for injuries sustained in actions of this kind is measured; that is left to the jury; and counsel have very properly said that if the plaintiff is entitled to recover in this action, he is entitled to recover such damages as would compensate him for the pain and suffering he has undergone and is likely to undergo during the natural extent of his life. In addition to that, he is entitled to recover compensation for the lessened power of his earning capacity......We can give you no......rule by which you can measure, but it is for you in your own good judgment to measure,......what such compensation should be if he is entitled to recover any." Such an instruction in effect left the question of damages to the jury without anything to guide their minds to a correct conclusion, emphasized the element of pain and suffering more than expenses incurred and the loss of earning power resulting from the injury, and left out of consideration the present worth of the loss of future earning power when capitalized

in a present verdict, and a judgment on a verdict for plaintiff, in such case was reversed.

Argued May 12, 1914. Appeal, No. 108, Jan. T., 1914, by defendant, from judgment of C. P. Juniata Co., Dec. T., 1910, No. 28, on verdict for plaintiff in case of Charles D. Smith v. The Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SEIBERT, P. J.

The opinion of the Supreme Court states the case.

The court charged in part as follows:

If he has been injured through the negligence of this company in the manner and at the time he states he was; in that event he should receive such compensation as would amply compensate him for what he has suffered and will suffer and for loss of earning power; that amount and that verdict, if rendered in his favor, will come from the result of your cool, calm, and deliberate judgment. (2)

The plaintiff submitted the following point:

Fourth. If the jury find for the plaintiff, in estimating the damages they should allow compensation for the pain and suffering, bodily and mentally, which the plaintiff had endured resulting from the injury, and bodily and mental pain and suffering likely to be experienced in the future, and the inconvenience and privation the plaintiff was subjected to and that are likely yet to result directly and naturally from the injury, and for the loss of earning power during the period of the remainder of plaintiff's life in which his earning capacity may be affected.

Answer. Affirmed: but in connection with this affirmance the attention of the jury is called to the evidence of the plaintiff himself as to his earning capacity before and after the alleged injury complained of, as

well as the nature and character of the occupations he followed before and after.  (5)

The jury found a verdict for $2,340, which the court subsequently reduced to $1,800, upon which judgment was entered.  Defendant appealed.

*Errors assigned,* among others, were **(1)** instruction to the jury as set forth in the opinion of the Supreme Court, and (2-5) other instructions to the jury as above.

*F. M. M. Pennell,* for appellant.

*Clair N. Graybill* and *J. N. Keller,* for appellee.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

This is an action in trespass to recover damages for personal injuries alleged to have been sustained as a result of the negligence charged against the defendant. It was clearly a case for the jury and the only question to be considered here is whether it was properly submitted. We have concluded that the first, second and fifth assignments of error must be sustained.  In his instructions to the jury the learned trial judge among other things said: "There is no rule of law by which the amount of damages for injuries sustained in actions of this kind is measured; that is left to the jury, and counsel have very properly said that if the plaintiff is entitled to recover in this action he is entitled to recover such damages as would compensate him for the pain and suffering he has undergone and is likely to undergo during the natural extent of his life.  In addition to that, he is entitled to recover compensation for the lessened power of his earning capacity that he now possesses as compared with what it was before he was thus afflicted, and what this is will be for the jury to determine.  We can give you no yardstick, no mark, no rule, by which you can measure, but it is for you in your own good judgment, hemmed in by the testimony

and advised by the testimony, to measure what such compensation should be, if he be entitled to recover anything." This instruction in effect left the question of damages to the jury without any legal chart to guide their minds to a correct conclusion. It emphasized the element of pain and suffering more than the expenses incurred and the loss of earning power resulting from the injuries. The proper practice is to prove what expenses were actually incurred, and what the loss of earning power was up to the time of trial, or what they may be in the future, depending upon the injuries; and in addition to these elements of damage the jury may take into consideration the question of pain and suffering. The instruction complained of also left out of consideration the present worth of the loss of future earning power when capitalized in a present verdict. Inasmuch as the case is to be tried again we call attention to what was said in the following cases as a guide to all parties interested in the trial: Goodhart v. Penna. R. R. Co., 177 Pa. 1; Wilkinson v. North East Boro., 215 Pa. 486; McLane v. Railways Company, 230 Pa. 29; Beck v. Railroad Company, 233 Pa. 344; Reitler v. Penna. R. R. Co., 238 Pa. 1.

What has been said about the first assignment applies with equal force to the second; and the fifth is open to the objection that it leaves out of account the present worth of the loss of future earnings.

The third and fourth assignments are without substantial merit.

Judgment reversed and a venire facias de novo awarded.