## McKinney *v.* Pittsburgh Railways Company, Appellant.

Argued September 30, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. H. McConnell*, for appellant.

*James P. McArdle*, with him *Milton Safier*, for appellee.

OPINION BY MR. JUSTICE LINN, November 14, 1949:

Defendant appeals from judgment on a verdict for $30,000 in plaintiff's suit for personal injuries sustained when defendant's street car smashed into the rear of an automobile driven by plaintiff. Defendant now makes three points: (a) that the verdict is excessive, (b) that it is capricious and perverse, and (c) that the trial judge's reference in his charge to "the law of workmen's compensation in illustrating to the jury what is meant by present worth is not merely an unfortunate one but a wholly misleading and dangerous one, and one which cannot be regarded as harmless." There is no merit in any of these contentions.

The jury was justified in finding permanent injury, was faced with the problem of present worth and required instructions on the subject. The instruction complained of [1] was not a model to be followed, but, on this record, could not possibly harm defendant.

---

[1] It is as follows: "Now, I mean he would be entitled to that now and if you give it to him now for services not yet rendered but which will extend into the future, you would reduce that to its present

While there should be no difficulty about it, appeals to this court seem to show some difficulty in adequately and simply instructing jurors on the subject. In *Littman v. Bell Telephone Co.*, 315 Pa. 370, 377, 172 A. 687 (1934), it was said that present worth is "a sum which if paid on the date of the verdict would *then* be a just cash equivalent of the sum total of such lost future earnings. The award for permanent impairment of earning power must not exceed, though it should equal, *the worth at the date of the verdict*, of a sum payable in normal future installments during what would be the period of the injured person's ability to earn money had he not received the injury or injuries complained of. . . . Concrete illustrations may be used by the trial judge in explaining 'present worth'." See also *Murray v. Phila. Transportation Co.*, 359 Pa. 69, 75, 58 A. 2d 323 (1948); *Kmiotek v. Anast et al.*, 350 Pa. 593, 39 A. 2d 923 (1944); *Windle et al. v. Davis*, 275 Pa. 23, 29, 118 A. 503 (1922); *Reitler v. Penna. R. Co.*, 238 Pa. 1, 85 A. 1000 (1913); *Bockelcamp v. Lackawanna and Wyo. Valley Ry. Co.*, 232 Pa. 66, 81 A. 93 (1911).

The evidence, as the jury accepted it, shows that plaintiff was seriously injured. He sustained a compressed fracture of the fifth lumbar vertebra.[2] He was,

worth and that means you are giving it to him now for services not yet rendered. Therefore, it ought to be smaller than if he received it over a long period of time. One of the illustrations of law is in Workmen's Compensation where a man receives a certain sum for a week. He says, 'That does not do me any good. Give me a lump sum so I can buy a business or house and I will be more benefited.' And the Workmen's Compensation sometime says, 'All right, but we will give you a smaller amount if we give it to you now because those payments you are entitled to receive are not yet due and will not be due for a long time.' "

[2] An orthopedic surgeon testified: "Q. What function would that fifth lumbar vertebra have in the use of the human body for heavy lifting or labor work? A. It is a very heavily strained joint in all of us. It is an important body because it is at the very base of most of the spine and carries all the weight above it."

at the time of the accident, 42 years old; employed at Jones & Laughlin Steel plant in doing work requiring heavy lifting; he earned in excess of $2,000 a year. He is described as having been strong and vigorous prior to the accident, and now able to do only the lightest kind of work. We cannot say that this verdict was so excessive as to shock the conscience of the court.

In view of what has been said of points (a) and (c) the suggestion (b) that the verdict is capricious and perverse may be summarily dismissed.

Judgment affirmed.